R. R. HIND, Appellee, *v.* N. C. WILLFONG, TAX ASSESSOR, Appellant.

APPEAL FROM TAX APPEAL COURT, THIRD TAXATION DIVISION.

SUBMITTED SEPTEMBER 26, 1900.    DECIDED OCTOBER 29, 1900.

FREAR, C.J., GALBRAITH AND PERRY, J.J.

Where the valuation placed on property for taxation by the Tax Appeal Court is fair and just an appeal by the tax assessor cannot be sustained.

OPINION OF THE COURT BY GALBRAITH, J.

An appeal from the decision of the Tax Appeal Court of the third taxation division, district of Kohala, Island of Hawaii, Territory of Hawaii. The record in this case shows that the appellee, R. R. Hind, returned for taxation, for the year 1899, Hawi plantation, located at Kohala, Island of Hawaii, at a valuation of $223,351.00; that the tax assessor for said district increased this valuation to the sum of $287,500.00; that from this increased valuation the tax payer, the appellee herein, appealed to the Tax Appeal Court for said district, that a hearing was had before said court and a number of witnesses were examined for each of the parties to the controversy; that at the conclusion of the hearing the members of the Tax Appeal Court were unanimous in the opinion that the valuation placed on said property by the assessor was excessive and made an order reducing the amount thereof to $265,000.00, being the same as the valuation for the preceding year; that from said order the tax assessor, appellant herein, noted and perfected an appeal to this court.

The Supreme Court of the Republic of Hawaii in the elaborate and exhaustive opinion rendered in the tax assessment appeal cases, 11 Haw. 235 to 245, announced the rules that should govern and clearly points out the various elements that should be taken into consideration by tax assessors in valuing property for taxation purposes. The tax laws of the Territory are the same as those of the Republic at the time said opinion was rendered.

The tax assessor relies principally for the correctness of his valuation on the fact that the court placed a valuation on this property for taxation for the year 1897, (11 Haw. 252,) of $287,500.00 and the acquisition of additional lands by the appellee. The appellee contends that the valuation placed on the plantation for the year 1897, was based on evidence showing an average yield of two and fifty-five one-hundredths tons of sugar per acre and a net profit for the year's business; while the evidence for the year 1899 shows a yield of only one and one-fifth tons per acre and no profit but a possible loss on the year's business; that the rainfall in the district is decreasing each year and

that irrigation by pumping at this time is an experiment and that the additional lands are leaseholds held at high rental and that it is problematical whether they will be a source of profit or loss to the plantation and that these leaseholds were taken into consideration by the court in fixing the valuation for the year 1897.

We are convinced that the evidence supports the contention of the appellee and fully sustains the Tax Appeal Court in reducing the valuation placed on the property by the assessor to the amount of the assessment thereon for the preceding year, and that an appeal therefrom by the assessor cannot be sustained.

The appeal is therefore dismissed and the order of the Tax Appeal Court placing a valuation on Hawi plantation for taxation for the year 1899 of $265,000.00 is affirmed.

*Kinney, Ballou & McClanahan* for appellee.

*Lorrin Andrews* and *C. S. Smith* for appellant.