## IN RE ASSESSMENT OF TAXES, WAILUKU SUGAR COMPANY.

APPEAL FROM TAX APPEAL COURT, SECOND TAXATION DIVISION.

ARGUED OCTOBER 3, 1907.        DECIDED OCTOBER 11, 1907.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

TAXATION.

A valuation made by the tax appeal court is sustained not being shown to be erroneous or based on a wrong theory or insufficient or defective data.

OPINION OF THE COURT BY HARTWELL, C.J.

The property of the company returned by it at $1,700,000, was assessed at $2,380,000, and valued by the tax appeal court at $2,000,000. The assessor appeals from that valuation. The board of equalization took from the stock quotations the prices bid for the shares, namely, $275 a share for the old issue of 7000 shares, and $150 a share for the new issue of 7000 shares, and, deducting twenty per cent., arrived at the valuation of $2,380,000, acquiesced in by the assessor who testifies that he also considered other matters such as net profits, gross receipts and running expenses and that he preferred the basis of $200 a share for the entire issue of 14,000 shares, at which price twenty shares were shown to have been offered, which, after deducting fifteen per cent., would have left $2,240,000 for the valuation; that he considered $2,200,000 a correct valuation and that $2,000,000 "would be about right." By valuing the property by items, taking cane land at $200 an acre and taro and rice lands at $300, prices shown to have been paid in the neighborhood, he made an estimate of $2,220,223.

The property was taxed the previous year on a valuation of $1,700,000 and the sum of $600,000 has since been expended upon it for improvements, consisting mainly of a new sugar mill.

It is urged by the assessor that the property was enhanced in value to the amount of this expenditure, while the company insists that it cannot be said that the outlay has accomplished more than to keep up the efficiency of the plantation and that whether results will indicate a commensurate increase in value remains to be seen.

Nothing is more difficult to define than values. Sugar plantation property may be worth its definitely ascertained salable or purchasable value or its value as shown by profits obtained or obtainable, depending upon skill and judgment as well as expenditure of money, the result being contingent upon variable factors of cost of production and market prices. It would be entirely unsafe to test values of corporation property solely by sales of shares of its stock or by prices offered without regard to the number of shares sold or bid for or whether they are bought for investment or speculative purposes. No hard and fast rule of testing values can be made to apply in all cases and yet practical common sense and a desire to assess at their fair value furnish an excellent guide.

The appraisement of the board of equalization making the shares about $142 is probably a reasonable estimate of the sum for which the plantation could readily be sold, but the appeal court, after hearing the testimony of the assessor as well as of the manager, Mr. Wells, placing the value at $1,700,000, valued the property $300,000 above his estimate and lowered the assessor's $380,000.

This court has uniformly held that it does not reduce or increase the valuation made by a tax appeal court which appears to be fair and just, but allows it to stand unless shown to be erroneous, or based on a wrong theory or insufficient or defective data. *Hind v. Willfong,* 13 Haw. 125; *Assessor v.*

*Rapid Transit Co.,* 15 Ib. 3; *Oahu R. & L. Co., v. Assessor,* 17 Ib. 163; *Tax Assessor v. Wilder,* Ib. 425.

The assessor's opportunity to sustain his valuation by evidence ends when he rests the case with the tax appeal court whose responsible duty is to value the property in accordance with the facts before it, using its own common sense and its knowledge of existing conditions.

In this case, while a higher valuation by the appeal court might properly have been sustained, we do not feel at liberty upon the evidence to add to its valuation.

*M. F. Prosser* for the tax assessor.

*W. A. Kinney* and *J. L. Coke* for the taxpayer.