## IN RE TAXES W. R. CASTLE.

## No. 1126.

### APPEAL FROM TAX APPEAL COURT, FIRST CIRCUIT.

SUBMITTED DECEMBER 10, 1918.                    DECIDED JANUARY 7, 1919.

### COKE, C. J., KEMP AND EDINGS, JJ.

TAXATION.

   The decision of the tax appeal court fixing the value of property will be sustained unless shown to have been erroneous, and the burden of proof is upon the appellant.

### OPINION OF THE COURT BY EDINGS, J.

   This is an appeal from the decision and judgment of the tax appeal court of the first taxation division sustaining the assessment on a certain house and lot owned by the appellant and situate on Tantalus, in this City and County,

of $2000 on improvements and $4000 on the land, as of January 1, 1918.

The petitioner contends that by reason of the almost impassable condition of the road leading up to this place rendering its use and occupation exceedingly inconvenient and at times impossible the assessment is grossly excessive and should be reduced; that the assessor adopted a wrong theory of valuation; that there was no attempt to assess under the statute, as amended, "by the Somer's system or other means of exact computation from central locations," or "on the basis of the value for use and occupation."

Section 1241 of the Revised Laws of 1915 was amended in 1917 by the insertion of the following clause: "Land shall be equally assessed, according to its value for use or occupancy; this value shall be determined in cities and towns or wherever else practicable, by the Somer's system or other means of exact computation from central locations." The act in question does not make any provision for the institution or introduction of the Somer's system of valuation of real estate for the purpose of taxation in this Territory and without some such provision it is not in the power of an assessor to comply with the direction of the statute. Under this system the valuation of real property is done by a committee or committees of citizens composed of taxpayers and it of course dispenses with any tax return on real estate by an individual.

An examination of the record discloses the existence of sufficient evidence to warrant and sustain the decision of the tax appeal court and the appellant has failed to show that it was erroneous. "The decision of that court (tax appeal) should not be disturbed unless good reason appears for doing so." *In re Taxes Waiakea Mill Co.*, 24 Haw. 333, and *In re Taxes Haw. Sugar Co.*, 16 Haw. 236, 238, therein cited and approved. "This court has uniformly held that it does not reduce or increase the valuation made by a tax

appeal court which appears to be fair and just." *Tax Assessor* v. *Wailuku Sugar Co.*, 18 Haw. 422. The presumption is that the decision appealed from is correct. *Hawi Mill & Plantation Co.* v. *Forrest*, 21 Haw. 389; *In re Taxes Catholic Mission*, 22 Haw. 764. The burden is upon the appellant to show that the decision is erroneous. *Lihue Plantation Co.* v. *Farley*, 13 Haw. 283.

The findings of the tax appeal court are affirmed and the appeal is dismissed.

*Castle & Withington* for the taxpayer.

*J. Lightfoot*, Deputy Attorney General, for the assessor.