# IN RE TAXES AMERICAN FACTORS COMPANY, LIMITED.

## No. 1308.

### APPEAL FROM TAX APPEAL COURT FIRST CIRCUIT.

ARGUED JANUARY 18, 1921.                    DECIDED FEBRUARY 10, 1921.

### COKE, C. J., KEMP AND EDINGS, JJ.

TAXATION—*reduction from value of assets of corporation when ascertained by market price of its stock.*

In estimating for taxation purposes the value of the assets of a corporation forming an enterprise for profit, whose stock is quoted on the market, a small reduction is usually made from the total value of the assets of the company as indicated by the prevailing market price of the stock of the company on the assumption that it is too high because based upon the value of the shares of stock in small lots and that if the whole of the stock or large blocks thereof were put upon the market the price for that reason would be less than the market quotation.

SAME—*reduction from value of nontaxable assets.*

Where a reduction is allowed upon the total assets of the company in determining their value the same rate of reduction should likewise be allowed upon the nontaxable assets of the company.

SAME—*value of stock in other Hawaiian corporations owned by the enterprise.*

In order to ascertain the proper deductions to be made by reason of the shares of stock in other Hawaiian corporations owned by the enterprise the reasonable market value thereof should control instead of the par value or the book or so-called assessed value of the stock.

SAME—*stock held in foreign corporations—exempt from taxation when.*

Under section 1259 R. L. 1915 holders of shares of stock in corporations are not liable to be assessed in respect to their individual shares or interest in such companies, yet by the provisions of section 1257 R. L. 1915 the word "company" is held to mean only such corporations as are incorporated under the laws of the Territory and foreign corporations carrying on business in the Territory.

OPINION OF THE COURT BY COKE, C. J.

The appellant, the American Factors, Limited, an Hawaiian corporation, is an enterprise for profit doing business throughout the Territory with its main office and principal place of business in Honolulu. The company returned its property for taxation purposes as of January 1, 1920, at $3,250,000. Thereafter the tax assessor fixed the value of the taxable property of the company at $7,336,225. The company appealed to the tax appeal court of the first taxation division and at the conclusion of the hearing the tax appeal court fixed the value of the taxable property of the company at $6,118,638.68. From this decision the company has perfected an appeal to this court.

The facts involved are agreed upon in a stipulation between the parties. The important issue is in respect to the basis to be employed in computing the value of the shares held by the company in other Hawaiian corporations and which are not taxable by virtue of the statutes of this Territory. The deputy attorney general, representing the tax assessor, contends that the assessed value of such stock should control. And this was the method adopted by the tax appeal court. Counsel for the company urge that the market value should be taken in determining the amount of the deduction to be allowed. The assessment is made under section 1241 R. L. 1915 as amended by Act 222 S. L. 1917. The material portions of the section applicable to this inquiry read as follows:

"Section 1241. Basis of value for taxation. All real and personal property and the interest of any person in any real or personal property shall be assessed separately as to each item thereof for its full cash value. * * *

"Provided, however, that in all cases where real and personal property, or several classes or kinds or parcels of real or personal property respectively, are combined

and made the basis of an enterprise for profit, the combined property forming such basis of such enterprise for profit, shall be assessed as a whole on its fair and reasonable value.

"In estimating the aggregate value of each such enterprise for profit, there shall be taken into consideration the net profits made by the same, also the gross receipts and actual running expenses; and where it is a company being a corporation whose stock is quoted in the market, the market price thereof, as well as all other facts and considerations which reasonably and fairly bear upon such valuation.

"In ascertaining the aggregate value of the property constituting the basis of an enterprise for profit for the purpose indicated in this section, there shall first be included all property combined and forming the basis of such enterprise whether within the definition of real or personal property set forth in this chapter or not, and there shall then be deducted therefrom the value of shares in other Hawaiian corporations, held or owned by such enterprise, the value of all property on which specific taxes are levied and the value of all property that would not be taxable if not so combined and made the basis of an enterprise for profit."

In this case the total value of the capital stock of the company is agreed to be the sum of $18,000,000 and its bills payable and other debts amount to $3,877,053.47, indicating a total value of all assets of $21,877,053.47. In conformity with the opinion in *Assessor v. C. Brewer & Co.,* 15 Haw. 29, 35, a small reduction is to be made from the total value of the assets of the company as indicated by the prevailing market price of the stock of the company on the assumption that it is too high because based upon the sale of shares of stock in small lots and that if the whole of the stock or large blocks thereof were put upon the market the price for that reason would be less than the market quotation. In the *Brewer* case the reduction allowed was fifteen per cent. In the present

case it is fixed at ten per cent. This reduction, at whatever rate it may be fixed, is at best purely arbitrary, but in the absence of any showing in the present case that a reduction of ten per cent. is unwarranted it will not be disturbed. But it seems clear to us that if any reduction is to be allowed upon the total assets of the company in determining their value the same rate of deduction should likewise be allowed upon the nontaxable assets of the company except such property as the company has separately rendered and which is separately assessed in respect to its branch houses, which in this case are shown to be of the total value of $1,102,130.73.

In order to ascertain the proper deductions to be made by reason of the shares of stock in other Hawaiian corporations owned by the enterprise it seems to us that the reasonable market value thereof should control instead of the par value or the book or so-called assessed value of such stock. The par value is usually not the actual value of the stock and properly speaking the stock has no assessed value for the simple reason that it is not assessed. The corporation issuing the stock is assessed for the value of its property but the value of its outstanding stock may be a great deal more or a great deal less than the assessment placed upon the aggregate value of the property of the enterprise. A safe and fair method to be employed in arriving at the value of the stock is by ascertaining what it will sell for in the open market.

Based upon the foregoing manner of computing the value of the property constituting the basis of the enterprise for profit in order to determine the value of its taxable property we arrive at the following tabulated result:

*Capital Stock.*

| | |
|---|---|
| 60,000 shares at $300 per share | $18,000,000.00 |
| Bills payable and other debts | 3,877,053.47 |
| Total market value | $21,877,053.47 |

Less deduction of 10% ................... 2,187,705.35

Net value ....................... $19,689,348.12

*Deductions.*

Value of shares of stock in
  Hawaiian corporations and
  other nontaxable assets. .$16,498,852.44
Less deduction of 10% ....... 1,649,885.24

Net value ............................. $14,848,967.20

Difference between value net taxable and
  net nontaxable assets ................. 4,840,380.92
Less value branch houses ................ 1,102,130.73

Net difference ...................... $ 3,738,250.19
Less agreed value of tangible assets includ-
  ing agency contracts ................. 2,031,675.00

Increased value due to unity of use and
  ownership ....................... $ 1,706,575.19
Increased value due to unity
  of ownership and appor-
  tioned to taxable property. $  204,789.00
Agreed value of tangible prop-
  erty .................... 2,031,630.73

Taxable value of property. $2,236,419.73

If then the value of the taxable property of the enter-
prise for profit is to be determined from the market price
of the stock of the concern such value will fall far below
the amount returned by the taxpayer.

The statute above quoted, however, provides that aside
from the market value of the stock of the company its
profits shall also be taken into consideration in arriving
at the taxable value of its assets. If therefore we capital-

ize the net profits for a period of eight years last past we find that the annual average amount thereof is $448,-601.25, and if, as was intimated in *Re Taxes Onomea Sugar Co.*, 25 Haw. 293, 12½% is deemed to be a fair return on the capital invested we have taxable assets of a total valuation of $3,588,810, and after deducting therefrom the property of branch houses, separately rendered and assessed, amounting to $1,102,130.73, the taxable property of the concern involved in the present proceeding would be $2,486,679.27. Again, if we undertake to ascertain the value of the property by a capitalization of its profits for the past four years we find that the average annual net income for that period is $549,303.55, which, if we again fix 12½% as a fair return upon the capital invested, the total value is $4,394,428.40, and after deducting $1,102,130.73, the value of the property of branch houses, the remaining taxable property would be of the value of $3,292,297.67. By striking a general average of these varying results the value of the property will still be found to fall below the amount returned by the taxpayer.

As was said in *Tax Assessor* v. *Wailuku Sugar Co.*, 18 Haw. 423, "No hard and fast rule of testing values can be made to apply in all cases and yet practical common sense and a desire to assess at their fair value furnish an excellent guide." The tax appeal court clearly misinterpreted the effect of the opinion in the *Brewer* case, *supra*, and this no doubt accounts for the error into which it fell when it fixed the value of shares in other Hawaiian corporations at the "assessed" rather than the market value thereof. By this erroneous method of computation adopted by the tax appeal court the company's deduction in respect to that class of assets is reduced from $17,600,963.17 to $13,958,414.79.

It may be proper to draw attention to the fact that

there is a deduction of $220,500 which represents the value of 300 shares of the capital stock of the American Hawaiian S. S. Co., a New York corporation, at $735 per share. No question has been made of this by the assessor but under our statutes this stock is not exempt from taxation unless the American Hawaiian S. S. Co. is carrying on business in this Territory. For while under section 1259 R. L. 1915 holders of shares of stock in companies are not liable to be assessed in respect to their individual shares or interest in such companies yet by the provisions of section 1257 R. L. 1915 the word "company" is held to mean only such corporations as are incorporated under the laws of the Territory and foreign corporations carrying on business in the Territory, and copartnerships, etc.

We have made frequent reference herein to the former opinion of this court in re *Assessor* v. *C. Brewer & Co.,* 15 Haw. 29, and have adopted and applied some of the principles announced in that case, but from this fact the conclusion must not be drawn that we have approved of the opinion in toto. Some portions of it are sound and valuable as a precedent but much that is said therein is of doubtful accuracy.

The decision of the tax appeal court herein is reversed and the taxable value of the property of the appellant is fixed at the sum of $3,250,000.

*I. M. Stainback* (*H. Holmes* with him on the brief) for the taxpayer.

*J. Lightfoot,* First Deputy Attorney General, for the assessor.