## IN THE MATTER OF THE TAXES OF ALFRED W. CARTER, TRUSTEE.

### No. 1517.

APPEAL FROM TAX APPEAL COURT THIRD CIRCUIT.

SUBMITTED MAY 16, 1924.                    DECIDED JUNE 9, 1924.

PETERS, C. J., PERRY AND LINDSAY, JJ.

TAX APPEAL—*burden on appellant.*

A valuation made by the tax appeal court is sustained, the evidence not showing that it was erroneous.

OPINION OF THE COURT BY PETERS, C. J.

The taxpayer made a return as of January 1, 1923, of the property popularly known as the "Parker" ranch, the legal title to which was vested in him on that day as trustee, at a valuation of $2,136,437.24. The assessor assessed it at $2,550,000. The tax appeal court of the third taxation division upon appeal by the taxpayer sustained the return. The assessor appealed to this court.

No question was raised before the tax appeal court as to the items of property subject to assessment nor of the principles of law applicable thereto in determining their value for taxation purposes. The only question in difference was that of value. Some evidence was adduced of the net profits, gross receipts and actual running expenses of the taxpayer as an "enterprise for profit" for a period of years immediately prior to January 1, 1923, but if relevant, which we find it unnecessary to decide, this evidence did not tend to prove that the value of the property of the taxpayer as combined and forming an enterprise for profit was in excess of the aggregate of the cash value of the several items thereof, and hence need not be considered. Consequently the only question before this

court is the aggregate of the cash value of the items included in the assessment, separately assessed.

While it is true that the scope of review by this court of decisions of tax appeal courts is similar in extent to that exercised over appeals from decrees in equity and we are at liberty to review the evidence and form such conclusions therefrom as to us seem proper, this court has uniformly held that the presumption is that the decision of the tax appeal court appealed from is correct (*Hawi M. & P. Co.* v. *Forrest,* 21 Haw. 389, 391; *Re Assessment of Taxes Catholic Mission,* 22 Haw. 764; *Re Taxes Union Mill Co.,* 24 Haw. 345, 348); that such decisions, while not entitled to the weight of the verdict of a jury or the decision of a judge jury-waived in a law case, should not be "lightly overturned" (*Re Taxes Union Mill Co.*), nor disturbed for "light reasons" (*Re Taxes Onomea Sugar Co.,* 25 Haw. 278, 293), nor unless "good reasons appear therefor." (*Re Assessment of Taxes Hawaiian Sugar Co.,* 16 Haw. 236, 238.)

In the instant case, outside of the accountant who presented evidence of the financial history of the taxpayer heretofore adverted to, the only witnesses before the tax appeal court were the assessor on the one hand and the taxpayer on the other, each giving his opinion of the cash value of those items of the property, the cash value of which was in dispute. In other words, the return and the assessment had only for their support the personal opinions of their respective authors, each of which was proportionate to and limited by the qualifications of the person giving expression thereto. The tax appeal court adopted the opinion of the taxpayer and in this we see no ground for reversal or modification of its decision. The tax assessor was confessedly unfamiliar with the business of stock-raising in which the taxpayer is engaged and to which the several items of property involved are

devoted.   He was also unfamiliar with the carrying capacity of the lands, the cash value of which was in dispute.  As to some of the lands, the area of which was considerable, such knowledge as he possessed was gained by a mere casual observation while passing over roads adjoining or crossing the same.  His knowledge of the value of the horses and cattle was negligible.  On the other hand, the taxpayer showed himself by years of experience to be thoroughly familiar with the stock-raising business and the value of the land, horses and cattle composing the ranch, and while his books in some instances showed that certain properties were carried thereon at a higher value than as returned the causes therefor were satisfactorily explained.  No doubt the tax assessor in raising the assessment was actuated by the best of motives and by facts leading him to believe that the property was undervalued by the taxpayer.  But the tax appeal court, similarly as this court, must base its conclusions upon the evidence adduced and not upon what might have been adduced.  In offering himself as the sole witness in support of the assessment the assessor rested the case for the Territory on his personal uncorroborated opinion.  What weight or credit was to be accorded his opinion was a matter peculiarly within the province of the tax appeal court to determine.  It was the judge of the facts.  If it was satisfied from all the evidence that the qualifications of the assessor to express an opinion were such that the opinion was entitled to little or no weight, and the assessment in the absence of any other satisfactory evidence had nothing to sustain it, that was something of which neither the assessor nor the Territory has cause for complaint.  If the assessor has reasonable cause to believe that the property of the taxpayer is undervalued it should not be a matter of any great difficulty to bring before the tax appeal court sufficient, competent and material evidence

of a substantial and convincing character to establish such undervaluation.

The burden rests upon the appellant to show that the decision of the tax appeal court is erroneous. (*O. R. & L. Co.* v. *Assessor,* 17 Haw. 163, 167; *Tax Assessor* v. *Wilder,* 17 Haw. 425; *Lihue Plant. Co.* v. *Farley,* 13 Haw. 283, 284; *Re Assessment of Taxes B. P. Bishop Est.,* 13 Haw. 671, 673; *Re Taxes Castle,* 24 Haw. 598.) This the appellant has absolutely failed to do. He nowhere shows wherein the decision is erroneous or based on a wrong theory or upon insufficient or defective data. Under the circumstances the decision appealed from must be affirmed. (*Tax Assessor* v. *Wailuku Sugar Co.,* 18 Haw. 422; *Hind* v. *Willfong,* 13 Haw. 125; *Assessor* v. *Rapid Transit Co.,* 15 Haw. 3; *Tax Assessor* v. *Wilder, supra; O. R. & L. Co.* v. *Assessor, supra.*)

It is so ordered.

*H. R. Hewitt,* First Deputy Attorney General, for the tax assessor.

*C. S. Carlsmith* for the taxpayer.