EQUILEASE CORP., APPELLANT, *v.* DONAHUE, TAX COMMR., APPELLEE.

[Cite as Equilease Corp. v. Donahue, 10 Ohio St. 2d 81.]

(No. 40528—Decided April 19, 1967.)

*Messrs. Wright, Harlor, Morris, Arnold & Glander, Mr. C. Emory Glander* and *Mr. Jon M. Anderson,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. Jon A. Ziegler,* for appellee.

*Per Curiam.* Appellant contends that the decision of the board is unreasonable and unlawful in holding that the contracts are leases rather than conditional sales contracts, and that even if the contracts are leases the tax may be levied only against the lessees rather than against the lessor.

The rules governing determination of the issue of whether these contracts are conditional sales or leases were set forth in *Alzfan* v. *Bowers, Tax Commr.,* 175 Ohio St. 349, 352, as follows:

"Where * * * a so-called lessee is obligated to accept and pay for personal property at some future time and has no option to return it, the transaction is held to be a conditional sale even though terms commonly used in leases have been used. As stated in 47 American Jurisprudence, 23, Section 836:

" 'The test most frequently applied is whether the so-called "lessee" is obligated to accept and pay for the property at some future time, or, on the other hand, whether his primary obligation is to return or account for the property to the so-called "lessor" according to the terms of the "lease." ' See annotation 175 A. L. R. 1366, 1384."

Under the terms of the contracts involved here the lessees were not obligated to complete the transactions to the point of acquiring ownership. At the time of termination of the contracts the lessees were informed that they could exercise the options either to pay the percentage of the contract prices or to renew the leases. At such time, of course, the lessees could return the equipment to the lessor and they would no longer be obligated.

As pointed out by appellant, nearly all the lessees did exercise options resulting in ownership. Nonetheless, until one of the specified options was exercised, ownership under the contract remained in the lessor, and if a lessee elected to return

the equipment at the termination of the lease there would be no transfer of ownership at all. This alternative, of course, is fatal to the argument that the contracts were conditional sales as there remained in the lessees the options to return the equipment at the termination of the leases.

Appellant's second contention is that the tax should have been levied against the lessees instead of the lessor.

Section 5701.08, Revised Code, states in part:

"As used in Title LVII of the Revised Code:

"(A) Personal property is 'used' within the meaning of 'used in business' when employed or utilized in connection with ordinary or special operations * * *.

"(B) 'Business' includes all enterprises conducted for gain, profit, or income * * *."

Section 5711.01, Revised Code, states in part:

"(B) 'Taxpayer' means any owner of taxable property and includes every person residing in, or incorporated or organized by or under the laws of this state, or *doing business in this state, or owning or having a beneficial interest in taxable personal property in this state* * * *." (Emphasis added.)

Appellant as a part of its business operation is engaged in the leasing of equipment to others. Although the equipment may be used by the lessees in their businesses, it is clear that in collecting rentals for its use appellant also is using the equipment for purposes of profit in its own business. Thus one engaged in the business of leasing tangible personal property to others is engaged in an enterprise conducted for gain, profit or income within the meaning of Section 5701.08 (B), Revised Code, and the property so leased is used in business by the lessor and is taxable to him. See *Southland Stores No. 3, Inc.,* v. *Bowers, Tax Commr.,* 171 Ohio St. 271.

It is argued that under Section 5711.01 (G), Revised Code, a lessee is enumerated as a fiduciary, and that " 'fiduciaries * * * having possession * * * of taxable personal property in this state or engaged in business in this state' are specifically made 'taxpayers' by Section 5711.01 (B)."

Resolution of this issue requires interpretation of the statutory definition of the term "taxpayer." Section 5711.01 (B), Revised Code, provides that " 'taxpayer' means any owner of

84

taxable property * * *." Fiduciaries are included in the definition of taxpayers in this section only in those instances where Sections 5711.01 to 5711.36, Revised Code, require such a fiduciary "to make a return for or on behalf of another."

Under the definition of taxpayer it is the owner who is taxed and fiduciaries are defined as taxpayers only in those instances where they are acting for the real owner.

In effect, fiduciaries make returns for the owner of the property and pay the tax from the funds of the owner. To follow appellant's reasoning that every lessee is a fiduciary because of Section 5711.01 (G), Revised Code, would completely abrogate the definition of taxpayer contained in Section 5711.01 (B), Revised Code, because, if the ordinary lessee is considered a fiduciary and thus compelled to pay the tax, he would not, as provided in Section 5711.01 (B), Revised Code, be making such return on behalf of another but would be making such return and payment for himself and out of his own funds.

This clearly was not the intention of the General Assembly when it defined the term "taxpayer." If appellant's reasoning were followed, "agents" and "employees," who are also enumerated in Section 5711.01 (G), Revised Code, who are in possession of their employer's property would be considered fiduciaries and would be responsible for the tax. A secretary using an employer's typewriter at home would be considered a fiduciary required to file a return. Such an interpretation of Section 5711.01, Revised Code, would be untenable.

The decision of the Board of Tax Appeals, being neither unreasonable nor unlawful, is affirmed.

*Decision affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.