BUSINESS DATA SERVICES, INC., APPELLANT, *v.* KOSYDAR, TAX COMMR., APPELLEE.

(No. 74-564—Decided July 2, 1975.)

44

*Messrs. Beckman, Lavercombe, Fox & Weil, Mr. Vincent Beckman, Mr. Sidney Weil, Jr.,* and *Mr. Warren P. Shepardson,* for appellant.

*Mr. William J. Brown,* attorney general, *Mrs. Maryann B. Gall* and *Mr. Ronald B. Noga,* for appellee.

O'NEILL, C. J. The determinative issue presented in this appeal is whether appellant, as lessee of computer equipment owned by a foreign insurance company authorized to do business in Ohio, had the duty to include the equipment in its personal property tax returns. This court holds that, under current law, appellant did not have such a duty. Therefore, the judgment of the Board of Tax Appeals, which affirmed the increased assessments issued by appellee, must be reversed.

R. C. Chapter 5711 sets forth definitions and proced-

ures pertaining to personal property tax returns. R. C. 5711.02 requires the filing of an annual return by all owners of "taxable property," as that phrase is defined in R. C. 5711.01(A). R. C. 5711.01(B) defines "taxpayer":

" 'Taxpayer' means any owner of taxable property and includes every person residing in, or incorporated or organized by or under the laws of this state, or doing business in this state, or owning or having a beneficial interest in taxable personal property in this state and every fiduciary required by Sections 5711.01 to 5711.36, inclusive, of the Revised Code, to make a return for or on behalf of another. *The Tax Commissioner may by regulations define and designate the taxpayer, as to any taxable property which would not otherwise be required by this section to be returned;* and any such regulations shall be considered supplementary to the enumeration of kinds of taxpayers following:

"(1) Individuals of full age and sound mind residing in this state;

"(2) Partnerships, corporations, associations, and joint-stock companies, under whatever laws organized or existing, doing business or having taxable property in this state; and corporations incorporated by or organized under the laws of this state, wherever their actual business is conducted;

"(3) Fiduciaries appointed by any court in this state or having title, possession, or custody of taxable personal property in this state or engaged in business in this state.

"Taxpayer excludes all individuals, partnerships, corporations, associations, and joint-stock companies, their executors, administrators, and receivers who are defined in Title LVII [57] of the Revised Code as financial institutions, dealers in intangibles, domestic insurance companies or public utilities, except to the extent they may be required by Sections 5711.01 to 5711.36, inclusive, of the Revised Code, to make returns as fiduciaries, or by Section 5725.26 of the Revised Code, to make returns of property leased, or held for the purpose of leasing, to others if the owner or lessor of the property acquired it for the sole

46

purpose of leasing it to others." (Emphasis added.)

In 1957, acting under the authority expressly delegated to him by R. C. 5711.01(B), the Tax Commissioner promulgated TX-41-13 ("Designation of Person to Make Return of Leased Machinery"). The first paragraph of TX-41-13 is the segment of the rule which controls this case. It provides:

"It shall be, and it is hereby declared to be, the duty of any lessee, of any machinery located and used in business in this state, to make a return of all such machinery unless the lessor of any such machinery be (a) a resident of the state of Ohio, or (b) a corporation organized or existing under the laws of Ohio, or (c) a corporation admitted to do business in Ohio, or (d) a person, firm, partnership, association or corporation required to make return on his or its behalf in Ohio."

Appellant does not question the validity of TX-41-13, but only its application by appellee to the facts of this case. It is undisputed that the lessor of the computer equipment, Inter-Ocean Insurance, is a foreign insurance corporation certified by the Ohio Superintendent of Insurance to do business in this state. From this fact, appellant concludes that exception (c) contained in the first paragraph of TX-41-13 relieves it from the duty of reporting the leased equipment. Appellee counters by contending that exception (c) is available only if the lessor is a foreign corporation admitted to do business in Ohio by the Secretary of State, pursuant to R. C. 1703.03. The court finds appellee's contention untenable.

Generally, a foreign corporation may transact business in Ohio only if it complies with R. C. 1703.03. That statute states, in part:

"No foreign corporation not excepted from Sections 1703.01 to 1703.31, inclusive, of the Revised Code, shall transact business in this state unless it holds an unexpired and uncanceled license to do so issued by the Secretary of State."

However, R. C. 1703.02 renders R. C. Chapter 1703 inapplicable to certain types of enumerated corporations, one

of which is "insurance companies." The purpose for this exception is clear. The financial responsibilities which the public entrusts to insurance companies necessitate that such companies be closely regulated by government. Currently, statutes pertaining to insurance companies occupy an entire title (Title 39) of the Ohio Revised Code. The chief administrator of these statutes is the Superintendent of Insurance. R. C. 3901.011.

Naturally, the public policy underlying state regulation of insurance companies is not limited to domestic companies; foreign insurance firms which transact business in Ohio are also subject to a degree of control by the state. *State, ex rel.,* v. *Ackerman* (1894), 51 Ohio St. 163, 37 N. E. 828. In light of the complexity of Ohio insurance regulations, it is not surprising that the authority to permit foreign insurance companies to transact business in Ohio is vested in the Superintendent of Insurance, and not in the Secretary of State. Such authority is contained in the first sentence of R. C. 3909.01:

"No life insurance company organized by act of Congress, or under the laws of any other state of the United States, shall transact any business of insurance defined in Section 3911.01 of the Revised Code, on the capital stock or mutual plan, in this state, until it procures from the Superintendent of Insurance a certificate of authority to do so."

Inter-Ocean Insurance, the lessor of the computer equipment, has a R. C. 3909.01 certificate of authority. It is clearly a corporation admitted to do business in this state, and, hence, exception (c) of the first paragraph in TX-41-13 is facially applicable. Appellee's contention that exception (c) pertains only to foreign corporations admitted to do business in Ohio pursuant to R. C. 1703.03 is unfounded in logic and is contrary to the ordinary meaning of the language which comprises the exception. The truism that corporations engaged in the insurance business are more closely regulated than corporations involved in other activities does not alter the fact that foreign insurance corporations can be, and Inter-Ocean Insurance was, ad-

48

mitted to do business in this state. Appellee's interpretation of exception (c) of the first paragraph of TX-41-13 is rejected.

For the foregoing reasons, this court reverses the decision of the Board of Tax Appeals, which affirmed that portion of appellee's final order pertaining to the omission from appellant's 1969, 1970 and 1971 personal property tax returns of the leased computer equipment; further, this court enters final judgment for appellant on the leased equipment portion of appellant's application for review and redetermination of the increased assessments.

*Decision reversed.*

HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.