904 F.2d 706
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHRYSLER CAPITAL CORPORATION, f/d/b/a E.F. Hutton Credit
Corporation, Plaintiff-Appellee,
v.
FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF WARREN,
Defendant-Appellant.
 No. 89-3782.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1990.
 
 Before BOYCE F. MARTIN, Jr. and RALPH B. GUY, Jr., Circuit Judges, and HORACE W. GILMORE, District Judge.*
 PER CURIAM.
 
 
 1
 This litigation grows out of a lease of computer equipment by plaintiff, Chrysler Capital Corporation (Chrysler), to defendant, First Federal Savings & Loan Association of Warren (First Federal). The lease required First Federal to reimburse Chrysler for any taxes assessed against such equipment and paid by Chrysler.
 
 
 2
 Chrysler was assessed and paid the personal property taxes on the computer equipment for the years 1986, 1987, and 1988, but First Federal refused to reimburse Chrysler for such payments. It was, and is, First Federal's position that it is exempt from personal property taxes under Ohio law and that it has no duty to reimburse Chrysler for taxes Chrysler never should have paid. Chrysler instituted this action to recover the taxes paid.
 
 
 3
 By agreement of the parties, this dispute was resolved in the district court as a summary judgment motion. The trial judge found for Chrysler. We agree and affirm.
 
 I.
 
 4
 The computer equipment lease between Chrysler and First Federal clearly provided that title to the equipment remain with Chrysler.[1] Ohio law provides for the assessment and taxation of personal property:
 
 
 5
 Unless otherwise provided by law, all other personal property used in business that has not been legally regarded as an improvement on land and considered in arriving at the value of the real property assessed for taxation shall be listed and assessed at the rate for that tax year as shown in the following table....
 
 
 6
 Ohio Rev.Code Ann. Sec. 5711.22(C).
 
 
 7
 The tax laws of Ohio also provide for an exception from personal property taxes for financial institutions such as First Federal. This is because these institutions are subject to other taxes, e.g., intangibles, not assessed against general corporations. The relevant Ohio law provides:
 
 
 8
 Tax on real estate of financial institutions and dealers in intangibles.
 
 
 9
 The real estate of a financial institution or dealer in intangibles shall be taxed in the place where it is located, the same as the real estate of persons is taxed, but the taxes provided for in Chapters 5725. and 5733. of the Revised Code, shall be in lieu of all other taxes on the other property and assets of such institution or dealer, except personal property taxable under Chapter 5711. of the Revised Code and leased, or held for the purpose of leasing, to others if the owner or lessor of the property acquired it for the sole purpose of leasing it to others.
 
 
 10
 Ohio Rev.Code Ann. Sec. 5725.26.
 
 
 11
 Simply put, the dispute between the parties boils down to this: Chrysler maintains that the personal property tax exception applies only to property owned by the financial institution; First Federal argues that the use of the property determines whether there is entitlement to an exception or not.
 
 
 12
 In resolving this dispute, we first note that if First Federal is correct, these computers would avoid taxation entirely--a result we doubt was intended by the State of Ohio. Although computers owned by financial institutions do escape personal property taxation, that is because the Ohio legislature has made a trade-off between the other taxes to which financial institutions are uniquely subject and the property tax. The result here does not adversely affect that trade-off, nor is it inconsistent therewith because Ohio has not taxed these computers to First Federal. The tax impact to First Federal flows from its lease agreement with Chrysler, not from any action taken by the State of Ohio.
 
 
 13
 Next, we reject First Federal's contention that Chrysler should never have paid these taxes in the first instance because the Ohio personal property tax applies to "personal property used in business...."[2] (emphasis added), and it is First Federal, not Chrysler, that is using the computers. The Ohio courts that have had occasion to address this issue have resolved it in a manner contrary to defendant's contentions. In Equilease Corp. v. Donahue, 10 Ohio St.2d 81, 83, 226 N.E.2d 721, 723-24 (1967), the court held:
 
 
 14
 [Lessor] as part of its business operation, is engaged in the leasing of equipment to others. Although the equipment may be used by the lessees in their businesses, it is clear that in collecting rentals for its use [lessor] also is using the equipment for purposes of profit in its own business. Thus one engaged in the business of leasing tangible personal property to others is engaged in an enterprise conducted for gain, profit or income within the meaning of Section 5701.08(B), Revised Code, and the property so leased is used in business by the lessor and is taxable to him. See Southland Stores No. 3, Inc. v. Bowers, Tax Commr., 171 Ohio St. 271 [1960].
 
 
 15
 The same result was reached in Business Data Services v. Kosydar, 43 Ohio St.2d 43, 330 N.E.2d 671 (1975). In Business Data, computer equipment was leased to an Ohio lessee by a foreign corporation authorized to do business in Ohio. The lessee, however, was assessed and charged for the personal property taxes after it had failed to list the computer equipment with its other personal property. The Ohio Supreme Court reversed this result and held that the property was assessable to the lessor.[3]
 
 
 16
 More recently, and within the time period covered by the First Federal lease, the Ohio Supreme Court has reaffirmed the Equilease holding. In C.C. Leasing v. Limbach, 23 Ohio St.3d 204, 207, 492 N.E.2d 421, 424 (1986), the court, citing Equilease, indicated: "[A] lessor of leased property is the proper entity to be taxed on such property. We have not yet decided the question of which entity's use of the property is determinative for listing purposes." (Emphasis added). In Limbach, the court went on to determine that the lessee's use determines the rate (listing) of taxation to the lessor.
 
 
 17
 First Federal has cited a number of cases, including Limbach, in support of its argument that the use of personal property controls who is to be taxed. All of these cases are either distinguishable or miscited. None of these cases deviate from the basic Equilease holding that when a corporation that is authorized to do business in Ohio is leasing personal property, the title to which remains with the lessor, the personal property tax consequences fall upon the lessor.
 
 
 18
 AFFIRMED.
 
 
 
 *
 Honorable Horace W. Gilmore, United States District Court, Eastern District of Michigan, sitting by designation
 
 
 [1]
 Paragraph 16 of the lease provides in relevant part:
 "Nothing herein contained shall give or convey to Lessee any right, title or interest in and to any Equipment leased hereunder except as a Lessee.... [The] Equipment shall at all times remain personal property of Lessor...." (App. 12).
 
 
 [2]
 Ohio Rev.Code Sec. 5711.22(C)
 
 
 [3]
 The decision in Business Data was predicated upon a ruling issued by the Ohio Tax Commissioner in 1957. That ruling provided:
 "It shall be, and it is hereby declared to be, the duty of any lessee, of any machinery located and used in business in this state, to make a return of all such machinery unless the lessor of any such machinery be (a) a resident of the state of Ohio, or (b) a corporation organized or existing under the laws of Ohio, or (c) a corporation admitted to do business in Ohio, or (d) a person, firm, partnership, association or corporation required to make return on his or its behalf in Ohio."
 
 
 [43]
 Ohio St.2d at 46, 330 N.E.2d at 673. It is unknown whether this ruling is still in effect today