CUSTOM LEASING COMPANY OF OHIO, APPELLANT,
*v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as *Custom Leasing Co. of Ohio v. Limbach* (1991), 62 Ohio St.3d 7.]

(No. 90–1649—Submitted June 13, 1991—Decided September 25, 1991.)

8

*Cooper, Straub, Walinski & Cramer, Stephen M. Dane* and *John N. Scott,* for appellant.

*Lee I. Fisher,* Attorney General, *James C. Sauer* and *Janyce C. Katz,* for appellee.

*Per Curiam.* Are the transactions covered by the leases involved here conditional sales, as alleged by Custom Leasing, or are they leases, as determined by the Tax Commissioner and as found by the BTA? For the reasons which follow, we conclude that the transactions are leases, and that Custom Leasing is the "owner" of the leased equipment for personal property tax return purposes.

R.C. 5711.05 provides in pertinent part: "Each person shall return all the taxable property of which he is the owner * * *"; "taxpayer" in R.C. 5711.01(B) "means any owner of taxable property * * *."

When the "lease/conditional sale" issue was before us in *Equilease Corp. v. Donahue* (1967), 10 Ohio St.2d 81, 39 O.O.2d 88, 226 N.E.2d 721, we identified the applicable rules and the appropriate test:

"The rules * * * were set forth in *Alzfan v. Bowers, Tax Commr.*, 175 Ohio St. 349, 352 [25 O.O.2d 250, 252, 194 N.E.2d 852, 854], as follows:

" 'Where * * * a so-called lessee is obligated to accept and pay for personal property at some future time and has no option to return it, the transaction is held to be a conditional sale even though terms commonly used in leases have been used. * * *

" ' "The test most frequently applied is whether the so-called 'lessee' is obligated to accept and pay for the property at some future time, or, on the other hand, whether his primary obligation is to return or account for the property to the so-called 'lessor' according to the terms of the 'lease.' " ' " *Id.*, 10 Ohio St.2d at 82, 39 O.O.2d at 88–89, 226 N.E.2d at 722, 723.

Under the terms of the contract here, the lessee "leases" and "agrees to pay * * * rent"; will keep the equipment insured in lessor's name; and, at termination, will surrender possession to lessor. The lessor "is the owner" and retains title, and can accelerate payment and repossess the equipment in the event of lessee's default or bankruptcy.

Our conclusion in *Equilease, supra*, 10 Ohio St.2d at 82, 39 O.O.2d at 89, 226 N.E.2d at 722, is equally appropriate here: "[U]nder the terms of the contracts involved here the lessees were not obligated to complete the transactions to the point of acquiring ownership."

In *CC Leasing Corp. v. Limbach* (1986), 23 Ohio St.3d 204, 207, 23 OBR 364, 366, 492 N.E.2d 421, 424, we characterized the holding in *Equilease, supra*, simply: "That case merely stands for the proposition that a lessor of leased property is the proper entity to be taxed on such property." Nothing presented here prompts us to depart from that holding.

Custom Leasing attempted to establish that despite the use of a written lease, the transactions were really financing arrangements and constituted conditional sales. Some evidence was presented in support, but it falls far short of meeting the standard required by *Hatchadorian v. Lindley* (1986), 21 Ohio St.3d 66, 21 OBR 365, 488 N.E.2d 145, paragraph two of the syllabus:

"When no competent and probative evidence is developed before the Board of Tax Appeals to show that the Tax Commissioner's determination of the value of the property is factually incorrect, it is error for the board to reverse that determination."

The decision of the BTA, being neither unreasonable nor unlawful, is affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.