GIBBONS & REED CO. v. GUTHRIE et al.

No. 7850. Decided May 7, 1953. (256 P. 2d 706.)

See 58 C. J. S., Mines and Minerals, sec. 226. Review of facts by appellate court. 3 Am. Jur., Appeal and Error, sec. 883.

*Grover A. Giles,* Salt Lake City, for appellant.

*Clyde & Mecham,* Salt Lake City, for respondent.

WADE, Justice.

Gibbons & Reed Company, respondent herein, filed suit against S. Y. Guthrie, Adam K. Grafe and Robert I. Ludwig to recover for monies expended under an oral agreement to do exploratory work on certain uranium mining claims for them and to furnish the equipment and personnel for the project. By their answer defendants admitted the oral agreement but sought to avoid liability on the ground of substantial non-performance by respondent and counterclaimed for damages because of respondent's failure to supply usable equipment and parts resulting in failure to perform in accordance with a written report or estimate of costs submitted by respondent to appellants thereby nec-

essitating the termination of the contract and doing the work themselves.

At the trial the action against Robert I. Ludwig was dismissed upon its being made to appear that he was not a partner but only an agent of Guthrie, Grafe and Bates and Son. Bates and Son were substituted as parties to the action but were not served with summons, so that only Guthrie and Grafe appeal from the judgment in favor of respondent and a dismissal of their counterclaim.

The court as the trier of the facts found that respondent had bona fidely fulfilled its part of the agreement which was to supply heavy duty equipment, assume the payment of labor and other costs and do the preliminary and exploratory work necessary to start uranium mining, such as building certain roads and trails, establishing a camp for workmen and removing overburden but that appellants had refused to reimburse them for the expenses incurred in the performance of its agreement.

Appellants contend that the court erred in making these findings of fact and its conclusions of law because the evidence is conclusive that respondent had failed to supply good, workable equipment and had failed to perform more than 10% of the work it had agreed to do after half the time in which the work was to be completed had elapsed, so that it became apparent that unless appellants took over the work themselves it would never be completed in time.

It needs no citation of authority that this court will not redetermine facts found by the fact finder in the lower court in law cases if in the light most favorable to the respondent the evidence is sufficient to sustain such findings.

The record discloses that about February 8, 1951, appellants were negotiating with a lessee of some uranium mining claims in the Henry Mountain area in Garfield County, Utah, for the possession of such claims but before they

committed themselves they wanted more information about the people with whom they were dealing and whether there would be sufficient ore to make it feasible for them to enter into the deal. Appellants, being non-residents of this state and having previously had some business dealings with respondent, called upon it to aid them in their investigation. Appellants allowed respondent to believe that if the project proved worthwhile they would construct an ore processing mill in Green River, Utah, which might result in some profitable work for respondent. Respondent was anxious to get in a favorable position to get the work which might eventuate and therefore cooperated to the fullest extent in investigating the people and the project and offered to provide equipment and do the necessary preliminary and exploratory work on the claims so that appellants could get the desired information. Appellants had advised respondent that they had an option until April 15, 1951 and would need the information by that time in order to determine whether or not they would exercise the option to mine the claims. After several discussions respondent on February 8th submitted a written estimate of costs at the request of the appellants, wherein it was set forth what they thought should be the type of work done, the amounts it would probably cost for equipment, labor and other items for a 60-day operation and which also contained the following statements:

"The number of days the operation is continued is, of course, your option. The estimated performance for the three operations is: (1) Four 20-ft. deep holes drilled and checked per day, (2) Four 6-ft. deep holes stripped per day, and (3) One ton of material drilled, shot and moved per man per day.

"The prices quoted above are our costs and are offered to help you determine the expediency of further work in the district at a minimum cost. If we can be of any assistance at any time please call on us."

Upon receipt of this estimate by appellants they told respondent to proceed with the work. Appellants told re-

spondent a Mr. Harold Ecker should be in charge of the operation and respondent thereupon employed Mr. Ecker and he hired the other workmen with the exception of an engineer sent by appellants and a heavy equipment mechanic and operator sent by respondent. Work was begun by Mr. Ecker on February 9th although delivery of the heavy equipment was delayed until February 25th due to a threat of a trespass action by the lessee of the claims until a written agreement had been concluded between the lessee and appellants. After the equipment arrived the work of building roads, drilling test holes, stripping overburden, etc., progressed. Occasionally the equipment would break down and if parts were needed it was necessary to send to Salt Lake City for them. Respondent besides furnishing the equipment paid for all the labor, material, supplies and others costs of the project.

On March 12th the appellants visited the claims and upon finding the heavy duty caterpillar broken down, the compressor out of order and only about 11 holes with an aggregate of about 250 feet drilled, decided to discontinue using respondent's services and equipment and took the job over themselves as of March 18th. Appellants retained all the men working on the project except the heavy duty mechanic and operator originally hired by respondent. Appellants exercised their option to mine the claims on April 15th, even though they did not get any heavy equipment on the job until April 8th and very little work was done from the time respondent was relieved of its responsibilities and the date they exercised their option. It also appeared that in the week between April 8th and 15th, appellants' equipment broke down several times, thus delaying work, and that such breakdowns are not unusual in that type of work.

Since appellants by their pleadings and also in their testimony admitted that respondent's work was done under an oral agreement to do sufficient preliminary and explor-

atory work to enable appellants to decide whether it would be feasible to take up their option and the ■ writing submitted by respondent on February 8th was merely an estimate of the kind of work respondent thought would be necessary and the costs of same for a 60-day period and not the agreement for work to be done, and since in half the allotted time with very little more additional work enough had been done by respondent so that appellants were able to determine that they wanted to exercise their option, which was the object of the agreement, and since admittedly they did not pay respondent for the rental of the equipment and costs the evidence was more than sufficient to sustain the findings of fact and conclusions of law.

Appellants contend that the judgment may include an item for $300 or $400 for airplane rides charged by respondents but which the trial court had indicated were not allowable. Respondent's evidence showed that appellants were charged with the sum of $15,383.82 for all items, including the charges for the airplane rides and other disputed items. The disputed items totaled less than $2,500 and the court awarded damages in the sum of $12,356.75. From this it is reasonable to assume that the court did not include charges for airplane rides as part of the damages.

We have carefully considered all of appellants' other assignments of error and find no merit to them.

Affirmed. Costs to respondents.

WOLFE, C. J., and McDONOUGH, CROCKETT and HENRIOD, JJ., concur.