In the Matter of the Tax Appeal of DOBBS HOUSES, INC., formerly Honolulu Auto Center, Inc.

Nos. 5101 and 5102

November 12, 1971

RICHARDSON, C.J., ABE, LEVINSON, KOBAYASHI, JJ., and CIRCUIT JUDGE LAURETA in place of MARUMOTO, J., Disqualified

OPINION OF THE COURT BY LEVINSON, J.

The question presented in this appeal is whether, for purposes of the general excise tax law, HRS ch. 237, the sale of a number of automobiles by Dobbs Houses, Inc., the taxpayer herein, to a customer, Auto Leasing Company of Hawaii, Inc. (hereinafter referred to as Auto Leasing),

should properly be characterized as wholesale or retail.[1] If the auto sales were at wholesale, the tax is equal to $\frac{1}{2}\%$ of the gross proceeds of the sales. HRS § 237-13(2)(A). If, however, the sales were at retail, the statute imposes a tax "equal to four per cent of the gross proceeds of sale or gross income received or derived from such retailing." HRS § 237-16(b). The taxpayer understandably insists that the sales in question were wholesale sales.

The taxpayer, whose corporate name was changed from Honolulu Auto Center, Inc., in February, 1969, is a Tennessee corporation licensed to do business in Hawaii. During the years in question, the taxpayer sold a number of new automobiles to Auto Leasing, which in turn transferred possession of the cars to third persons, pursuant to an agreement entitled "Motor Vehicle Lease." The taxpayer subsequently reported the gross proceeds of the auto sales and paid the excise tax thereon at the wholesale rate of $\frac{1}{2}\%$. The Director of Taxation, however, assessed additional general excise taxes in an amount sufficient to equal the $4\%$ tax on retail sales. The taxpayer paid this additional amount under protest. The Tax Appeal Court found that the agreements entered pursuant to the above-mentioned "Motor Vehicle Lease" were in substance conditional sales contracts, and that, therefore, sales by the taxpayer to Auto Leasing must be classified as wholesale sales with respect to those cars "sold" by the latter to its "lessees." Thus, the Tax Appeal Court ordered a refund of the additional tax assessed by the Director of Taxation. Because we are satisfied that the "Motor Vehicle Lease" should properly be characterized as a lease, rather than as a conditional sales contract, we reverse the judgment of the Tax Appeal Court.

Inasmuch as the taxpayer's liability under HRS ch. 237 depends upon whether its automobile sales to Auto Leasing

---

[1]HRS § 237-4 defines "sales at wholesale" to include "(1) Sales to a licensed retail merchant, jobber, or other licensed seller for purposes of resale". HRS § 237-16(a) defines "retailing" to include "(1) . . . the sale of tangible personal property, for consumption or use by the purchaser, and not for resale."

were at retail or wholesale, it is necessary to determine whether the agreements entered between Auto Leasing and its customers pursuant to the "Motor Vehicle Lease" constituted sales. If the "Motor Vehicle Lease" is a conditional sales contract, it follows that the automobiles were "resold" by Auto Leasing to its customers. If, on the other hand, the document is in fact a lease, then there was no resale, and "consumption or use" was by the "purchaser," Auto Leasing.[2]

This court adheres to the general proposition that, barring consideration of tax advantage as the underlying motivation for the adoption of a particular transactional form, "tax liability is governed by the substance of a transaction rather than its form." *In re Ulupalakua Ranch, Inc.,* 52 Haw. 557, 560, 481 P.2d 612, 614 (1971).[3] Professor Williston has commented extensively upon the circumstances under which contracts in the form of leases are in substance conditional sales:

Sellers desirous of making conditional sales of their goods, but who do not wish openly to make a bargain in that form, for one reason or another, have frequently re-

---

[2]The taxpayer argues that a lessee is always the "user" or "consumer" of the leased tangible personal property, since the lessee either converts the object of the lease to his own use or uses it so as to diminish or destroy its utility. The taxpayer's argument proves too much, since it would reduce the phrase "and not for resale" in HRS § 237-16(a)(1) to surplusage. Furthermore, the argument has been emphatically rejected in other jurisdictions. *See, e.g.,* Equilease Corp. v. Donahue, 10 Ohio St. 2d 81, 83, 226 N.E.2d 721, 723-24 (1967):

Appellant as a part of its business operation is engaged in the leasing of equipment to others. Although the equipment may be used by the lessees in their businesses, it is clear that in collecting rentals for its use appellant also is using the equipment for purposes of profit in its own business. Thus one engaged in the business of leasing tangible personal property to others is engaged in an enterprise conducted for gain, profit, or income . . . and the property so leased is used in business by the lessor and is taxable to him.

*Accord,* Union Oil Co. of Cal. v. State Board of Equalization, 60 Cal.2d 441, 34 Cal. Rptr. 872, 386 P.2d 496 (1963).

[3]Of course, if the form and substance of a particular transaction are identical, it is unnecessary to make inquiry into "tax consideration" as an underlying motivation.

sorted to the device of making contracts in the form of leases either with options to the buyer to purchase for a small consideration at the end of the term, provided the so-called rent has been duly paid, or with stipulations that if the rent throughout the term is paid, title shall thereupon vest in the lessee. It is obvious that such transactions are leases only in name. The so-called rent must necessarily be regarded as payment of the price in installments, since the due payment of the agreed upon amount results, by the term of the bargain, in the transfer of title to the lessee.

This has been clearly recognized and many of the statutes relating to conditional sales in express terms include leases within their scope. Apart from statutes courts have disregarded the form of the transaction and have held that where payment of so-called rent nearly or quite pays the price of the goods the bargain is a conditional sale and is subject to the rules governing that kind of transaction. . . .

It is, however, essential in order to make a conditional sale, in the sense in which that term is used ordinarily in statutes or elsewhere, that the buyer should be bound to take title to the goods, or at least to pay the price for them. . . . And though the rent is to be applied at the buyer's option toward the payment of the price, the transaction is not a conditional sale if the price largely exceeds the rent that the lessee is bound to pay.

2 WILLISTON, SALES § 336, at 297, 299-300 (Rev. Ed. 1948) (footnotes omitted).

Thus, a "lease" may in substance be a "disguished sale," see *Kitchin v. Commissioner*, 353 F.2d 13, 15 (4th Cir. 1965), if it either includes an option to purchase for nominal consideration at the end of the term or provides for automatic passage of title to the lessee upon full payment of the "rent." *Breece Veneer & Panel Co. v. Commissioner*, 232 F.2d 319 (7th Cir. 1956). The mere existence, however, of a purchase option does not, *per se*, convert a lease into a

conditional sale. Even with a purchase option, where the rental payments represent a fair return for the use of the leased equipment, such that the purchase price remaining at the end of the term is not nominal, the agreement is a lease and not a conditional sale. This is so because the lessee would acquire no title or equity until he has actually exercised his option to purchase. *Earl J. Lester,* 32 T.C. 711 (1959); *Kitchin v. Commissioner, supra; Breece Veneer & Panel Co. v. Commissioner, supra.* Of course, if the instrument contains no provision for the vesting of title in the "lessee" at any time in the future, either through an option to purchase or provision for the automatic passage of title upon completion of rental payment, it cannot be construed in substance as a conditional sale. *Western Contracting Corp. v. Commissioner,* 271 F.2d 694 (8th Cir. 1959); *Tishman Equipment Leasing, Inc. v. Levin,* 152 Conn. 23, 202 A.2d 504 (1964). Nor is a "lease" transformed into a conditional sale by an understanding or expectation, external to the lease itself, that the lessee may ultimately purchase the leased equipment. *Burton v. Tatelbaum,* 240 Md. 280, 213 A.2d 875 (1965). It does not follow that merely because the lessee ultimately acquires the leased property, he has the legal right to compel the lessor to convey title. *Western Contracting Corp. v. Commissioner, supra* at 702.

In light of the foregoing, it is clear that the "Motor Vehicle Lease" is in substance precisely what it purports to be— a lease. It contains no expressed option to purchase, and the fact that approximately 50% of Auto Leasing's lessees ultimately purchased the vehicles they had used is legally irrelevant to their right to do so under the lease. Even if the lease were found to contain such an expressed option, the purchase price of $1250.18 remaining at the end of the term (the value of the leased automobile as reflected in the depreciation reserve schedule attached to the lease) could hardly be considered "nominal." Indeed, there is no provision whatsoever in the lease for present or future passage of title from the lessor to the lessee. On the contrary, the

document specifically negates any suggestion that the lessee thereunder has any title to or equity in the leased automobile.[4] Paragraph 4(h) subordinates the rights of the lessee in the leased automobile to the lien of any conditional sales contract "whether heretofore or *hereafter* executed." (Emphasis added.) Paragraph 4(m) provides that the Motor Vehicle Lease "is a contract of lease only, and nothing herein shall be construed as conveying to Lessee any right, title or interest in or to the motor vehicles described or leased hereunder." These provisions are anathematic to construing the "Motor Vehicle Lease" as a conditional sales contract. It therefore follows that because Auto Leasing was engaged in auto leasing transactions with its customers, the sales by the taxpayer, Dobbs Houses, Inc., to Auto Leasing were retail sales within the meaning of HRS ch. 237 and were subject to the general excise tax of 4% pursuant to HRS § 237-16(b).

Reversed.

*Alana W. Lau,* Deputy Attorney General (*George Pai,* Attorney General, of counsel) for Director of Taxation, appellant.

*Ronald B. Greig* for Taxpayer, appellee.

---

[4]The deficiency which Paragraph 4(f) of the Motor Vehicle Lease potentially requires a lessee to pay is in essence a charge for excessive use beyond "reasonable wear and tear." Any payment that may be made to the lessee upon a sale at the expiration of the lease for an amount exceeding the depreciation reserve is, correlatively, a reduction in rental because of the good care taken of the vehicle by the lessee during the term of the lease.