**Michael STRAND, Plaintiff and Appellant,**

v.

**Jack CRANNEY, Cranney Enterprises, Inc., and Bonnie Cranney, Defendants and Respondents.**

**No. 16176.**

Supreme Court of Utah.

Feb. 14, 1980.

Richard J. Leedy, Salt Lake City, for plaintiff and appellant.

Bryce E. Roe, Salt Lake City, for defendants and respondents.

STEWART, Justice:

Plaintiff, Michael W. Strand, initiated this action to recover mining stock alleged to have been pledged to defendants as security for loans. In a counterclaim, defendants asserted that the stock was held by them as joint venturers with plaintiff. Defendants sought the termination of the joint venture and distribution of the assets. Following a trial to the court, plaintiff's complaint was dismissed, and the court ruled in favor of defendants on their counterclaim. We affirm.

---

This case involves a series of transactions between the parties, initially characterized as secured loans made by defendants to plaintiff, a self-employed trader in stocks. The first three transactions took place in March and April of 1977. Defendants advanced a total of $36,000 to plaintiff and received from plaintiff promissory notes for all but the first $1,000. The latter sum was used to purchase Classic Mining Corporation stocks for defendants' account. Defendants also received additional stock in Classic Mining as collateral for the funds advanced to plaintiff.

The dispute between the parties centers on the fourth transaction in early May, at which time plaintiff sought additional funds and discussed a partnership arrangement with the defendants. The discussion led defendant Jack Cranney to understand that upon his putting up an additional $20,000, 800,000 shares of stock would be put into the partnership, and in a month's time he would receive back his $56,000, plaintiff would receive the next $56,000, and then the balance from the sale of the stock would be split between the two of them.

A written joint venture agreement was prepared, but due to dissatisfaction with some of the specific provisions, it was not signed. A copy of the agreement was presented in evidence. The testimony was conflicting with respect to the actual formation of a joint venture.

The alleged partnership property, Classic Mining Corporation stock, was kept in a safe deposit box maintained by defendant Jack Cranney. Additional transactions involved further cash advances by Cranney and the addition of more stock to "the box" by plaintiff Strand. No notes were signed by Strand for any funds received after the May meeting. Defendants paid a total of $97,250 to or on behalf of Strand; they recouped approximately $22,000 from the sales of stock made after June 15, 1977. Some shares were returned to Strand. At the time of trial, there were 802,000 shares of stock in defendants' possession.

The trial court found that the parties had entered into a joint venture agreement for the purpose of investing and trading in stock of Classic Mining Corporation. On appeal, plaintiff contends there was no meeting of the minds with respect to specific terms and conditions of a joint venture and there was thus insufficient evidence to support the court's finding.

■ Whether a joint venture exists is ordinarily a question of fact. On review of factual determinations, this Court will sustain a decision that is based on findings supported by substantial evidence, *Gibbons & Reed Co. v. Guthrie*, 123 Utah 172, 256 P.2d 706 (1953). The evidence is to be viewed in the light most favorable to the prevailing party, *Toomer's Estate v. Union Pacific R. Co.*, 121 Utah 37, 239 P.2d 163 (1951).

A joint venture was defined by this court in *Bassett v. Baker*, Utah, 530 P.2d 1, 2 (1974), as follows:

A joint venture is an agreement between two or more persons ordinarily but not necessarily limited to a single transaction for the purpose of making a profit. The requirements for the relationship are not exactly defined, but certain elements are essential: The parties must combine their property, money, effects, skill, labor and knowledge. As a general rule, there must be a community of interest in the performance of the common purpose, a joint proprietary interest in the subject matter, a mutual right to control, a right to share in the profits, and unless there is an agreement to the contrary, a duty to share in any losses which may be sustained.

See also *Johanson Bros. Builders v. Board of Review, Industrial Commission*, 118 Utah 384, 222 P.2d 563 (1950).

■ Whether a joint venture exists depends primarily upon the facts of a particular case rather than upon adherence to specific formalities, *Holtz v. United Plumbing & Heating Co.*, 49 Cal.2d 501, 319 P.2d 617 (1957). As stated in *Andrews v. Bush*, 109 Cal.App. 511, 517, 293 P. 152, 154 (1930):

The law requires little formality in the creation of a joint adventure. *Anderson*

*v. Blair*, 202 Ala. 209, 80 So. 31, 35. Such an agreement is not invalid because of indefiniteness in respect to its details. 33 C.J. 848. . . . In considering whether or not a relationship such as that of joint adventurers or partners has been created, the courts are guided, not only by the spoken or written words of the contracting parties, but also by their acts.

The trial court made detailed findings as to the various dealings between the parties. Based upon these findings, the trial court concluded that the parties had entered into a joint venture agreement. A review of the evidence establishes substantial support for the court's findings. Defendants advanced large sums of money to plaintiff, who, after the initial transaction, placed a substantial amount of stock with defendants without signing notes. Plaintiff admittedly discussed with defendants the terms of a joint venture arrangement, and those terms were set out in a written agreement. Despite possible misunderstandings as to the details, the parties conducted their dealings in a manner consistent with a joint venture. The intent of the parties was to deal with the stock purchased with defendants' money in a manner consistent with a mutual enterprise.

The trial court was justified in finding that the parties were engaged in a joint venture with regard to the Classic Mining Corporation's stock. The court did not err in ordering the dissolution of the joint venture and the distribution of stock according to the terms of the joint venture agreement.

Costs to Defendants.

CROCKETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.