In the Matter of the Tax Appeal of O.W. LIMITED PART-
NERSHIP

NO. 8659

(TAX APPEAL NO. 1900)

AUGUST 18, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

This appeal is from a judgment of the tax appeal court holding the taxpayer, O.W. Limited Partnership (OWLP), not liable for additional general excise taxes assessed for the years 1974 through 1977.

The issues on appeal are (1) whether the tax appeal court properly admitted extrinsic evidence concerning a written joint operating agreement and (2) whether the evidence supports the tax appeal court's Findings of Fact Nos. 8, 10, 11, 14, and 15 and Conclusions of Law Nos. 24, 25, and 26.

We answer yes to both issues and affirm.

OWLP, a Hawaii limited partnership, constructed and owned the Outrigger West Hotel. For the purpose of operating the hotel, OWLP entered into the Joint Operating Agreement for the Outrigger West Hotel dated December 30, 1974[1] (Agreement) with Hawaii Hotels Operating Co., Ltd. (HHOC) and Waikiki Services, Ltd. (WSL). The Agreement, *inter alia,* set forth the duties of the three parties and provided that

---

[1] The effective date of the Joint Operating Agreement for the Outrigger West Hotel dated December 30, 1974 was January 1, 1975. This agreement was "similar in content to one dated a year earlier." Finding of Fact No. 7.

revenues received from the operation of the hotel would be collected at each point of sale and allocated to the parties daily according to certain set percentages. The funds allocated would then be deposited in each party's bank account. Revenue from the hotel room rentals was allocated as follows: OWLP 73%, HHOC 27%, and WSL 0%. In practice, OWLP received the gross revenues and allocated them according to the set percentages.

In computing and paying its general excise taxes for the years 1974 through 1977, OWLP deducted from the gross hotel room revenues the amounts allocated to HHOC.[2] Claiming that the correct tax base was the gross hotel room revenues, the Director of Taxation (Director) added back the excluded amounts for each of the years in controversy and assessed OWLP additional general excise taxes totaling $194,753.75.

On December 18, 1980, OWLP filed a notice of appeal to the tax appeal court challenging the assessment.

After an evidentiary hearing, the tax appeal court entered its Findings of Fact and Conclusions of Law, and Judgment in favor of OWLP on February 9, 1982. Director appeals.

I.

Richard Roy Kelley, M.D. (Kelley), a partner of OWLP and the chief executive officer of the Outrigger West Hotel, HHOC, and WSL, testified at the hearing. When Kelley was asked to explain the purpose and function of the Agreement, Director objected on the basis of the parol evidence rule. Director argued that the Agreement was unambiguous and that evidence could not be introduced to amend or alter the Agreement. The tax appeal court overruled the objection and held that (1) where the parties by their own agreement modified their contract and independent facts support such modification, the evidence is admissible and (2) third parties do not have standing to challenge such modification to the contract.

---

[2] Liability for general excise taxes is determined under the provisions of Hawaii Revised Statutes ch. 237 (1976 & Supp. 1982).

## A.

Director contends that, notwithstanding the fact that he is a stranger to the Agreement, he does have standing to resort to the parol evidence rule. We agree.

In *Chang v. Meagher,* 40 Haw. 96, 106 (1953), our supreme court stated that the parol evidence rule is "neither binding nor available" to strangers to the instrument and "may not properly be invoked by them nor against them." However, *Chang* was later limited to mean only that a stranger to the instrument has the right to show that the instrument is fraudulent as to him. *Akamine & Sons v. American Security Bank,* 50 Haw. 304, 440 P.2d 262 (1968). In *Akamine & Sons,* our supreme court held that the parol evidence rule must be applied in any action where the issue involved is what rights or duties were created by the instrument even if a party to the action was a stranger to the document. *See Sullivan v. United States,* 363 F.2d 724 (8th Cir. 1966), *cert. denied,* 387 U.S. 905, 87 S. Ct. 1683, 18 L.Ed.2d 622 (1967), *reh'g denied,* 388 U.S. 924, 87 S. Ct. 2104, 18 L.Ed.2d 1378 (1967); 3 S. Gard, *Jones on Evidence* § 16:17 (6th ed. 1972); 30 Am. Jur. 2d *Evidence* §§ 1029-31 (1967).

In the instant case, whether under the terms of the Agreement the parties thereto were joint venturers or partners is crucial in the determination of OWLP's general excise tax liability. Thus, the parol evidence rule can be invoked by Director. *See Akamine & Sons v. American Security Bank, supra.*

## B.

Director then argues that the trial court committed prejudicial error by overruling his objection because the Agreement is free from ambiguity and the rule precludes parol evidence under such circumstances. Director's focus is on the wrong issue.

Although it is true, as Director argues, that parol evidence is not admissible where the writing is clear and unambiguous, *Midkiff v. Castle & Cooke, Inc.,* 45 Haw. 409, 368 P.2d 887 (1962); *Richards v. Ontai,* 19 Haw. 451 (1909); *MPM*

*Hawaiian, Inc. v. World Square,* 4 Haw. App. 341, 666 P.2d 622 (1983), a prerequisite to the application of the rule is that there must first be a finding by the trial court that the writing was intended to be the final and, therefore, integrated expression of the parties' agreement. Restatement (Second) of Contracts §§ 209 comment c, 210 comment b, 213 comment b (1981); J. Calamari & J. Perillo, *The Law of Contracts* § 3-2 (2d ed. 1977). *See Cosmopolitan Financial Corp. v. Runnels,* 2 Haw. App. 33, 625 P.2d 390 (1981); *Sawyer v. Arum,* 690 F.2d 590 (6th Cir. 1982); *NAG Enterprises, Inc. v. All State Industries, Inc.,* 407 Mich. 407, 285 N.W.2d 770 (1979). All relevant evidence bearing on the threshold question of whether the agreement is an "integrated" one is admissible. *Sawyer v. Arum, supra; NAG Enterprises, Inc. v. All State Industries, Inc., supra;* Restatement, *supra,* §§ 209 comment c, 213 comment b.

The parol evidence rule applies only to a written agreement which is integrated. *Friestad v. Travelers Indemnity Co.,* 260 Pa. Super. 178, 393 A.2d 1212 (1978). *See Hawaii Leasing v. Klein,* 4 Haw. App. 1, 658 P.2d 343 (1983). Once the agreement has been found to be integrated, the issues involving ambiguity, fraud, duress, or mutual mistake may be raised to deal with the applicability of the rule. *See MPM Hawaiian, Inc. v. World Square, supra. Cf. Mellon Bank v. Aetna Business Credit, Inc.,* 619 F.2d 1001, 1010 n.9 (3d Cir. 1980).

In the instant case, Kelley's testimony was elicited to show that the parties did not intend the Agreement to be a final expression of the allocation of revenues between the parties. There being no integration clause in the Agreement, relevant evidence was admissible to determine the preliminary question of whether it was integrated.

Kelley also testified that different allocations were made after the Agreement was signed. While the parol evidence rule applies to statements and agreements made prior to or contemporaneously with the execution of a contract, the rule does not prevent parties from subsequently making another different agreement or from modifying, changing, or altering the original written agreement. Parol evidence of the subsequent agreement or the changes is admissible. *Foliage Corp. of Florida, Inc. v. Watson,* 381 So.2d 356 (Fla. App. 1980); *Clark County*

*Sports Enterprises v. City of Las Vegas,* 96 Nev. 167, 606 P.2d 171 (1980); *House of Pasta, Inc. v. Mayo,* 303 Pa. Super. 298, 449 A.2d 697 (1982); *Smith v. Bidwell,* 619 S.W.2d 445 (Tex. Civ. App. 1981); 30 Am. Jur. 2d *Evidence* § 1063 (1967); 4 S. Williston, *A Treatise on the Law of Contracts* § 632 (W. Jaeger 3d ed. 1961). *See Graham v. Washington University,* 58 Haw. 370, 569 P.2d 896 (1977). *Cf. Richards v. Ontai, supra.* Thus, testimony that the Agreement was replaced by a new agreement or that the terms of the Agreement were subsequently changed or modified was admissible.

Thus, although Director had standing to invoke the parol evidence rule, the rule did not apply in this case. The trial court did not err in overruling his objection.

II.

Director contests certain findings of fact and conclusions of law made by the tax appeal court.

In reviewing the decision and findings of the tax appeal court, a presumption arises favoring its actions which should not be overturned without good and sufficient reason. The appellant has the burden of showing that the decision of the tax appeal court was clearly erroneous. *In re Puna Sugar Co.,* 56 Haw. 621, 547 P.2d 2 (1976) (citing *In re Ewa Plantation Co.,* 47 Haw. 41, 384 P.2d 287 (1963) ); *In re Hawaiian Land Co.,* 53 Haw. 45, 487 P.2d 1070 (1971), *appeal dismissed,* 405 U.S. 907, 92 S. Ct. 938, 30 L.Ed.2d 778 (1972), *reh'g denied,* 405 U.S. 1048, 92 S. Ct. 1308, 31 L.Ed.2d 591 (1972); *In re Carter,* 27 Haw. 826 (1924). In light of this standard, we will examine Director's contentions.

A.

Director challenges Findings of Fact Nos. 8, 10, 11, 14, and 15. As stated above, the findings of the tax appeal court are to be sustained unless they are shown to be clearly erroneous. However, we have no definition of the term "clearly erroneous" regarding cases from the tax appeal court.

Although Rule 52(a), Hawaii Rules of Civil Procedure (HRCP) (1981), which states that findings of fact of the trial

court shall not be set aside unless clearly erroneous, is not directly applicable in these cases, *In re Hawaiian Land Co., supra,* Rule 29, Rules of the Tax Appeal Court of the State of Hawaii (RTAC) (1981), states that in procedural matters not provided for in the RTAC the court will be guided by the HRCP. *See In re 711 Motors, Inc.,* 56 Haw. 644, 547 P.2d 1343 (1976); Rule 81(b)(8), HRCP (1981). We therefore will be guided by how the term "clearly erroneous" in Rule 52(a), HRCP, has been construed.

Under Rule 52(a), HRCP, findings of fact are clearly erroneous unless there is substantial evidence in the record to support them. *Shoemaker v. Takai,* 57 Haw. 599, 561 P.2d 1286 (1977). "Substantial evidence is credible evidence which is of sufficient quantity and probative value to justify a reasonable man in reaching a conclusion." *Shinn v. Edwin Yee, Ltd.,* 57 Haw. 215, 219, 553 P.2d 733, 737 (1976). Although findings are supported by substantial evidence, they may be set aside on appeal if the appellate court decides that they are against the clear weight of the evidence or otherwise reaches a definite and firm conviction that a mistake has been made. *Haworth v. State,* 3 Haw. App. 281, 650 P.2d 583 (1982). After a careful review of the record, we find substantial evidence to support the findings of fact and they are not clearly erroneous.

Director's main contention is that the tax appeal court erred in finding a joint venture between OWLP and HHOC because (1) the findings found only two parties to the joint venture where there are three parties under the Agreement, (2) there are no characteristics of a partnership present, and (3) the only witness to testify as to the existence of the joint venture was Kelley who was an interested party.

1.

Although WSL was a party to the Agreement, it was not necessary for the tax appeal court to name it in its findings. It was not allocated any of the revenues from the room rentals in question. The findings of fact disclose the steps taken by the tax appeal court in reaching its ultimate conclusions regarding the general excise tax liability attributable to the hotel room revenues allocated to OWLP and HHOC. *Cf. Lopez v.*

*Tavares*, 51 Haw. 94, 451 P.2d 804 (1969); *Lima v. Tomasa*, 42 Haw. 478 (1958).

2.

"A joint venture is a mutual undertaking by two or more persons to carry out a single business enterprise for profit." *Shinn v. Edwin Yee, Ltd.*, 57 Haw. at 217, 553 P.2d at 736. *See also Lau v. Valu-Bilt Homes, Ltd.*, 59 Haw. 283, 582 P.2d 195 (1978). It is essential that there be (1) an agreement between the parties for a joint venture and (2) a provision in the contract for their sharing, as joint venturers, of the profits of the business. *Shinn v. Edwin Yee, Ltd., supra. See also Kienitz v. Sager*, 40 Haw. 1 (1953); *Winkelbach v. Honolulu Amusement Co.*, 20 Haw. 498 (1911); *Barnes v. Collins*, 16 Haw. 340 (1904). Whether a joint venture exists is ordinarily a question of fact for determination by the trier of fact. *Strand v. Cranney*, 607 P.2d 295 (Utah 1980); *Madrid v. Norton*, 596 P.2d 1108 (Wyo. 1979); *P & M Cattle Co. v. Holler*, 559 P.2d 1019 (Wyo. 1977); *Florida Rock & Sand Co. v. Cox*, 344 So.2d 1296 (Fla. App. 1977). The existence of a joint venture depends primarily upon the facts of a particular case such as the spoken or written words and the conduct of the contracting parties. *Strand v. Cranney, supra; Madrid v. Norton, supra. See Shinn v. Edwin Yee, Ltd., supra.*

A joint venture is closely akin to a partnership and the rules governing the creation and existence of partnerships are applicable to joint ventures. *Dang v. F & S Land Development Corp.*, 62 Haw. 583, 618 P.2d 276 (1980); *Lau v. Valu-Bilt Homes, Ltd., supra; Shinn v. Edwin Yee, Ltd., supra. See* Hawaii Revised Statutes § 425-106(1) (1976). In order to constitute a partnership, there need be no partnership name nor any stipulation that there is a partnership. *Buffandeau v. Shin*, 60 Haw. 280, 587 P.2d 1236 (1978); *Barnes v. Collins, supra.*

Director, through Richard Chiogioji (Chiogioji), tax auditor with the State of Hawaii Department of Taxation, concedes that the Agreement provides for a joint operation by the parties. However, Director argues that the Agreement does not contemplate a partnership in that it does not deal with a sharing of profits and losses but only in sharing gross receipts.

The Agreement provides that "[i]n recognition of the separate contributions of each party in the various phases of the hotels' [sic] operation, revenue will be allocated as follows" to OWLP, HHOC, and WSL. OWLP's Exhibit No. 24. It is true that the sharing of gross receipts is not even prima facie evidence of a partnership. *Winkelbach v. Honolulu Amusement Co., supra.* However, the evidence indicates that during the period of four years in question, the allocation percentages were changed six times to permit each party to recover out-of-pocket expenses and to ultimately provide a return of 98% of the net income to OWLP and of 2% of the net income to HHOC. Thus, any amount recovered by each party according to the predetermined percentage in excess of its expense would be its profit. Losses were shared pro rata like the profits. Consequently, there was a joint venture.

Director further argues that since there was no partnership tax return filed for the period in question but only separate tax returns from each party, as a matter of form, there was no partnership. Consequently, OWLP should be taxed as a separate entity on the gross receipts before any allocation to HHOC since the distribution to HHOC was compensation for its services to OWLP. When a partnership tax return was filed in 1979, Director then recognized the partnership.

However, it is well settled that in determining tax liability, the substance of a transaction rather than its form governs. *In re C. Brewer & Co.,* 65 Haw. 240, 649 P.2d 1155 (1982); *In re Fasi,* 63 Haw. 624, 634 P.2d 98 (1981); *In re Dobbs Houses, Inc.,* 53 Haw. 195, 490 P.2d 902 (1971); *In re Kobayashi,* 44 Haw. 584, 358 P.2d 539 (1961). Where the taxpayer advances this theory, he must also show that effecting a tax advantage was not the motivating factor in the adoption of the form in controversy. *In re Hawaiian Telephone Co.,* 57 Haw. 477, 559 P.2d 283 (1977); *In re Ulupalakua Ranch,* 52 Haw. 557, 481 P.2d 612 (1971).

OWLP did show that the motivating factor in establishing the system of allocation of receipts was administrative convenience. The simplified cost accounting technique was not for a tax advantage. The Agreement was a minimum document to outline the joint venture's operations in case something happened to the people running it.

In fact, Chiogioji testified that they did not think OWLP was "trying to evade taxes" and that Dr. Kelley was "a very honest person." Transcript of November 30, 1981 Proceedings at 131. George Freitas, Director of Taxation, testified that if partnership tax returns had been filed during the period in question, the State would not have received one cent more in income tax or general excise tax than it would have received through separate returns. Uncontested Finding of Fact No. 16 states that "[n]either OWLP nor HHOC obtained any tax benefits by virtue of the form of their written agreement or by the separate reporting of general excise and net income tax purposes."

Thus, we look to the substance of the transactions. Finding of Fact No. 16 also states that "[a]lthough the form selected by the OWLP and HHOC did not precisely fit into the mold of partnership or joint venture, the substance of their business transactions was that of joint venture." The filing of the partnership tax return in 1979 made no difference in the actual operation of the hotel. The operation was and continued to be a joint venture.

Although OWLP reported only its percentage of the revenues as a distributive share of joint venture income on its separate tax return for the years in question, each partner paid its respective share of the taxes. The tax department received separate checks but the total general excise taxes paid was on 100% of the gross receipts of the hotel.

3.

Contrary to Director's contention, the tax appeal court's findings were not based solely on Kelley's testimony but took into account other witnesses' testimony. In addition, "the findings of a tax appeal court are entitled to great weight; that where such findings depend upon the credibility of witnesses and upon the weight of conflicting statements of witnesses, such findings are to be accorded the same weight as the findings of a circuit judge at chambers." *In re Ewa Plantation Co.,* 47 Haw. at 44 (quoting *In re B. P. Bishop Estate,* 33 Haw. 149, 159 (1934)). It is within the province of the tax appeal court to determine what weight or credit is to be accorded a witness'

testimony. *In re Carter, supra.*

The court is also guided by Rule 52(a), HRCP, which states that "due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." *See Shinn v. Edwin Yee, Ltd., supra.*

The findings in the instant case are not against the clear weight of the evidence and we do not find that a mistake has been made.

### B.

Director also contends that the findings of fact do not support Conclusions of Law Nos. 24, 25, and 26.

We hold that the findings do support the conclusions that (1) the substance of the operations by OWLP and HHOC was a joint venture; (2) the parties' failure to file a partnership registration until 1979 did not preclude the previous existence of a partnership or joint venture; and (3) by their respective two tax returns, OWLP and HHOC reported and paid taxes on all receipts of the joint venture. Director was not entitled to more.

The decision of the tax appeal court is not clearly erroneous.

Affirmed.

*T. Bruce Honda,* Deputy Attorney General, for appellant, Director of Taxation.

*Arthur B. Reinwald* (*Ronald I. Heller* with him on the brief; *Hoddick, Reinwald, O'Connor & Marrack,* of counsel) for appellee O.W. Limited Partnership.