KOGA ENGINEERING & CONSTRUCTION, INC., Plaintiff-Appellee,
v.
STATE OF HAWAII, Defendant-Appellant.
No. 28278
Intermediate Court of Appeals of Hawaii.
March 13, 2009.
On the briefs:
Glenn I. Kimura, Michael Q.Y. Lau Sonia Faust, Deputy Attorneys General for Defendant-Appellant.
Ronald T. Ogomori, Nathan H. Yoshimoto, Brendan S. Bailey, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, FUJISE, and LEONARD, JJ.
Defendant-Appellant State of Hawai'i (State) appeals from the Final Judgment as to All Claims and All Parties (Final Judgment) filed in the Circuit Court of the First Circuit[1] (circuit court) on October 24, 2006. After a bench trial, the circuit court ruled in favor of Plaintiff-Appellee Koga Engineering & Construction, Inc. (Koga) and against the State. The Final Judgment provides in relevant part:
Pursuant to Rules 54(a) and 58 of the Hawaii Rules of Civil Procedure and the: (1) Order Denying [State's] Motion for Summary Judgment filed on August 22, 2003, filed October 15, 2003; (2) Order Granting [Koga's] Motion for Partial Summary Judgment filed on August 26, 2003, filed October 15, 2003; (3) Findings of Fact, Conclusions of Law and Order filed May 15, 2006; (4) Amended Findings of Fact, Conclusions of Law and Order filed August 2, 2006; (5) Order Granting in Part and Denying in Part [Koga's] Motion for Prejudgment Interest, filed on August 10, 2006, FINAL JUDGMENT in the total amount of NINE HUNDRED TEN THOUSAND THIRTY ONE AND 31/100 DOLLARS ($910,031.31) is hereby entered in favor of [Koga] and against [State] upon all counts of the Complaint filed December 26, 2001.
. . . .
The total judgment amount of ($910,031.31) [sic] is determined as follows:

 $850,213.55 Damages as provided in the Findings
 of Fact, Conclusions of Law and Order
 filed May 15, 2006, as amended by the
 Amended Findings of Fact, Conclusions
 of Law and Order filed August 2,
 2006;
 $59,817.76 Prejudgment Interest as provided in
 the Order Granting in Part and
 Denying in Part [Koga's] Motion for
 Prejudgment Interest, filed on
 August 10, 2006.

The Court shall consider [Koga's] attorney's fees and costs upon motion filed the court.
There shall be no award of post-judgment interest. The action filed by [Koga] was based upon a contract between [Koga] and [State]. [Koga] asserted jurisdiction in this action pursuant to Hawaii Revised Statutes § 661-1(1) and § 103D-711. There is no provision for post-judgment interest in chapters 661 or 103D, Hawaii Revised Statutes.
On appeal, the State argues that the circuit court
(1) erred in granting Koga's Motion for Partial Summary Judgment (Koga's Motion for Partial SJ) and denying State's Motion for Summary Judgment (State's Motion for SJ) on the notice issue;
(2) abused its discretion when the court granted Koga's "Motion to: (1) Strike Defendant State of Hawaii's Expert Report Prepared by Everett L. Stitz; (2) Strike Everett L. Stitz as a Witness; and (3) Preclude All Evidence and/or Testimony Referencing Said Expert Report Filed on September 30, 2005" (Motion to Strike);
(3) erred by ruling that the parol evidence rule did not apply;
(4) erred in concluding that the State, breached the Contract between the State and Koga;
(5) erred by allowing Koga to prove damages based on the modified total cost method (MTCM);
(6) erred by adopting the jury verdict approach as a method of calculating damages;
(7) erred in awarding Koga prejudgment interest; and
(8) erred in awarding Koga attorney's fees and costs.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve the State's points of error as follows:
(1) The circuit court did not err in granting Koga's Motion for Partial SJ and denying the State's Motion for SJ on the notice issue. The State waived the notice requirement when the State decided Koga's claim for additional compensation on its merits without reference to the notice requirement.
In the State's Motion for SJ, the State argued, in relevant part:
(a) Koga breached a provision in the Contract requiring Koga to "inform the State in writing of a claim for additional compensation, at the latest, within thirty days after the discovery of the waterline."
(b) Koga failed to provide the required notice until March 24, 2000, more than two and a half years after Koga discovered the waterline discrepancy.
(c) Koga was not excused from the contractual requirement of written notice within 30 days.
(d) Koga's "failure to comply with the [C]ontract's notice provisions has caused severe prejudice to the State."
The State alleged that if Koga had properly notified the State of Koga's claim, the State could have explored alternatives such as suspending the entire project until the waterline was relocated and relieving Koga from having to resequence the Project, or terminating the Project at one of several points until Change Order No. 5 was negotiated. The State argued that Koga further prejudiced the State because "without timely notice, the State was not aware that it needed to monitor the costs that [Koga] would claim as its damages, as the work progressed."
In Koga's Motion for Partial SJ, Koga argued, inter alia,
(1) Koga provided written notice to the State; (2) any failure of Koga to provide timely written notice of a claim for additional compensation is excused as [the State] was fully aware of the circumstances relating to Koga's claim (i.e., the State's defective Project plans and its effect upon Koga's planned sequence of work) and was not prejudiced by Koga's alleged failure to provide written notice; (3) the State's breach of the implied warranty of the adequacy and accuracy of the plans and specification remove the written notice requirement; and (4) the State is estopped from alleging that Koga failed to comply with the written notice requirement due to the State's breach of the superior knowledge doctrine and implied duty of good faith and fair dealing.
At the hearing on the motions for summary judgment, the circuit court orally found that "under the facts presented there's a waiver on the part of the State regarding the written notice provision. And, in addition, there's been a failure to show prejudice in light of the fact that government officials knew what problems were on the construction site." The circuit court added that "part of the waiver came in when the claim was made and it was denied, I guess, first, by the engineer and by the director and there was no statement that the reasons for the denial had to do with the timeliness of any notice."
The Order Denying [State's] Motion for SJ provided in relevant part:
In denying the State's Motion, the Court recognizes the well settled rule that a contractor's failure to comply with the written notice requirement is hereby waived if the contracting officer and the head of the awarding department considers and denies a contractor's claim on its merits without raising the issue of the contractor's failure to provide prompt written notice as a basis for the denial of the claim. Appeal of Robertson-Henry Company, Inc., 61-2 BCA 1(3156 (1961); Fox Valley Engineering v. The United States, ¶ 3156 Ct. Cl. 228 (1960); Appeal of General Excavating Company, 60-2 BCA ¶ 2771 (1960); Palumbo v. United States, 113 F. Supp. 450 (1953); Charles Thompson and George K. Thompson, Copartners, Trading as Charles and George K. Thompson v. The United States, 91 Ct. Cl. 166 (1940); W.E. Callahan Construction Company and Peterson, Shirley & Gunther v. The United States, 91 Ct. Cl. 538 (1940).
In regards to Koga's claim dated March 24, 2000 (hereinafter referred to as "Koga's Claim"), the Court hereby finds that the State failed to base its denial of Koga's Claim dated September 1, 2000 on Koga's failure to provide timely written notice. Accordingly, the Court hereby finds that the State waived any failure on the part of Koga to comply with the written notice requirement when it analyzed and reached a decision upon Koga's claim on its merits.
Additionally, the Court hereby finds that any failure on the part of Koga to provide written notice of its claim for additional compensation is excused as the State was aware of the underlying facts relating to Koga's Claim and was not prejudiced by Koga's alleged failure to provide written notice.
The State argues that the circuit court erroneously issued its SJ Orders because there were genuine issues of fact regarding whether the State (1) had waived the written notice requirement and (2) had been prejudiced by the lack of notice. With regard to the first point, the State alleges that a June 29, 2001 letter sent by the Department of Transportation (DOT) designee, Deputy Director Jadine Urasaki (Urasaki), to Koga included a section entitled "Failure to provide proper written notice of claim," which, the State argued at the summary judgment hearing, "raise[d] the inference that the lack of notice was raised."
Regarding the second point, the State maintains that although the State knew about the circumstances regarding Koga's additional costs resulting from the waterline discrepancy, the State "reasonably believed that the problem was addressed through the change order."
In support of this argument, the State cites to the circuit court's findings in FOFs 297 and 298 that Koga did not adequately inform the State of its claim and the State was prejudiced by the lack of notice.
FOFs 297 and 298 provide:
KOGA SHARES RESPONSIBILITY FOR INCREASED PROJECT COSTS AND LOST PRODUCTIVITY
. . . .
297. Koga failed to impress upon the State that the denial of the night work: (1) adversely impacted Koga's work schedule; (2) that the night work was necessary to mitigate the impact of relocating the waterline in Phase I; or (3) that Koga would be making a claim for additional money as a result of the denial of the night work request.
298. Koga failed to anticipate all of the indirect costs that would be associated with Change Order No. 5 and failed to adequately inform the State that it was experiencing such costs. As a result, the State was unable to keep strict account of the actual costs incurred by Koga.
(Record citations omitted.)
In Charles Thompson & George K. Thompson, Copartners, Trading as Charles & George K. Thompson v. United States, 91 Ct. Cl. 166, 1940 WL 4139 (1940), the Thompsons entered into a contract with the United States to construct a "tunnel, canal lining and structures." 1940 WL 4139 at *1. The Thompsons failed to submit a claim within the 10-day time limit provided in the contract. Id. at *9. The United States Court of Claims held that the Thompsons' request
would have been barred and out of time had not the contracting officer entertained it, passed upon it, denied it, and informed [the Thompsons] that they could appeal to the Secretary of the Interior. Under Article 3 of the contract which provided for the changes, the contracting officer had the right to extend the time in which to assert a claim for adjustment of the change order, and therefore, when the request of the [Thompsons] was received and acted upon, the 10-day provision was waived by the contracting officer and the time extended within which to take an appeal.
Id.
In W.E. Callahan Construction Co. v. United States, 91 Ct. Cl. 538, 1940 WL 4060 (1940), Callahan sued to recover $452,527,52 on 36 separate claims under a unit price contract for construction of a dam, under which contract the United States had paid a total amount of $4,465,405.64 upon completion of the work. 1940 WL 4060 at *1. Callahan's claims on appeal were for, inter alia, failure to pay for certain work in accordance with the contract, specifications, and extra work orders. Id. In the contract between Callahan and the United States, Paragraph 6 of the specifications required a protest from Callahan within 10 days. Id. at *27. The United States Court of Claims held that "[a] few of [Callahan's] protests were not made within 10 days, but the contracting officer did not reject any of them on that ground but considered and decided them on the merits. By so doing he waived the 10-day provision." Id. at *46.
The State attempts to distinguish the cases the circuit court cites to in its SJ Orders by arguing that whereas those cases involved "contracting officer[s]" and "head[s] of the awarding department [s], "the instant case "requires the State's Engineer to review the claim, and this decision is subject to an appeal to the [DOT]." We do not believe the difference in designations is appreciable.
In the instant case, the Contract provides that "[t]he Contractor may give notice in writing to the Engineer for claims that extra compensation ... is due the Contractor for one or more of the following reasons: . . . (3) An action or omission on the part of the Engineer requiring performance changes within the scope of the contract." (Formatting altered.) The Contract further provides:
The Contractor shall continue with performance of the contract in compliance with the directions or orders of the Engineer, but by so doing, the Contractor shall not be deemed to have prejudiced any claim for additional compensation, damages, or an extension of time for completion; provided:
(1) The notice in writing be given:
. . . .
(b) Within 30 calendar days after the Contractor knows of such requirements or the occurrence of such action or omission if the Contractor did not have such knowledge before the commencement of the work; or
. . . .
(d) Within such further time as may be allowed by the Engineer in writing.
. . . .
. . . Later notification of such claims shall not bar the Contractor's claim unless the State is prejudiced by the delay in notification. No claim by the Contractor for an adjustment hereunder shall be allowed if notice is not given before final payment under this contract.
Like Thompson and Callahan, the instant case involves a governmental construction contract, a contractor's failure to meet a deadline for the assertion of a claim, and the government's subsequent denial of the claim on the merits without reference to the deadline. Further, this case is like Thompson because here the State had the ability to extend the deadline.
(2) The circuit court did not abuse its discretion when it granted Koga's Motion to Strike Stitz as the State's expert witness because the State violated the court's order to produce its expert's report by June 1, 2005 and the court had the authority to sanction the State for that violation.[2] Hawaii Rules of Civil Procedure (HRCP) Rules 16 & 37(b) (2) (B) .
(3) The circuit court did not err by ruling that the parol evidence rule was inapplicable to this case, and COLs 26 through 35 are not wrong. Based on their "four corners," the Contract, Change Order No. 5, and Amendments Nos. 1 and 2 were not fully integrated with regard to Koga's claim for additional damages stemming from the waterline discrepancy. In re Tax Appeal of O.W. Ltd. P'ship, 4 Haw. App. 487, 488-92, 668 P.2d 56, 59-61 (1983); see Indus. Indem. Co. v. Aetna Cas. & Sur. Co., 465 F.2d 934, 937 (9th Cir. 1972); Akamine & Sons, Ltd. v. Am. Sec. Bank, 50 Haw. 304, 310, 440 P.2d 262, 266 (1968); Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 124-25, 839 P.2d 10, 31 (1992) .
(4) The circuit court erred in concluding that the State breached its contract with Koga, with respect to the State's failure to pay Koga its retainage only. COLs 169 and 171 are wrong, but COLs 41 through 140 are right.
(a) As we have already stated, the State waived the notice requirement by addressing Koga's claim for additional compensation on the merits without reference to the notice requirement.
(b) The circuit court did not err by finding that the State breached the superior knowledge doctrine by failing to disclose material information to Koga. It is undisputed that the State failed to notify Koga (1) of the close proximity of the existing waterline to the proposed construction; (2) that the Department of Water Supply (DWS) normally required an eight-foot clearance between the existing waterline and the proposed drain line, but the State had sought and obtained the approval to reduce the clearance from eight feet to three feet in regards to the affected area; and (3) that DWS had recommended that the waterline be relocated.
(c) The circuit court did not err by finding that the State breached the implied duty of good faith and fair dealing by failing to advise Koga of material facts for the same reasons we held the circuit court did not err by finding the State had breached the superior knowledge doctrine.
(d) The circuit court did not err by finding that the State breached the duty of cooperation by initially denying Koga its right to work double shifts or at night under the terms of the Contract. Further, although the State argues that it initially prohibited Koga from working at night because Koga had not obtained a required noise permit from the Department of Health, the evidence shows that the State did allow Koga to work at night when Koga lacked such a permit.
(e) The circuit court erred by finding that the State breached the Contract by failing to pay Koga its retainage and by including the State's retainage in its damages award because in the Complaint, Koga failed to assert a claim for retainage and cite to the Contract provision the State allegedly breached by failing to pay the retainage. Otani v. State Farm Fire & Cas. Co., 927 F. Supp. 1330, 1335-36 (D. Haw. 1996); Au v. Au, 63 Haw. 210, 221, 626 P.2d 173, 181 (1981); Laeroc Waikiki Parkside, LLC v. K.S.K. (Oahu) Ltd. P'ship, 115 Hawai'i 201, 216 n.17, 166 P.3d 961, 976 n.17 (2007).
(5) The circuit court did not err by allowing Koga to prove damages based on the MTCM. Koga fulfilled all of the requirements for proving damages based on the method, as set forth in Servidone Constr. Corp. v. United States, 931 F.2d 860, 861 (Fed. Cir. 1991) . See Youncrdale & Sons Constr. Co. v. United States, 27 Fed. Cl. 516, 540-41 (1993). According to the circuit court's undisputed FOFs, Koga showed (a) the impracticability of proving actual losses directly, (b) the reasonableness of its bid, (c) the reasonableness of its actual costs underlying the awarded damages, and (d) lack of responsibility for the added costs that were awarded as damages in this case. Youngdale, 27 Fed. Cl. at 541. FOFs 76 and 141 through 158 are not clearly erroneous.
(6) The circuit court did not err by adopting the jury verdict approach as a method of calculating damages and COLs 159 through 161 are not wrong because Koga fulfilled all of the requirements for the use of that method, as put forth in Datalect Computer Servs., Ltd. v. United States, 41 Fed. Cl. 720, 728 (1998). See State of California ex rel. Dep't of Transp. v. Guy F. Atkinson Co., 187 Cal. App. 3d. 25, 32-33, 231 Cal. Rptr. 382, 385 (Cal. App. 1. Dist. 1986); State Highway Comm'n of Wyoming v. Brasel & Sims Constr. Co., 688 P.2d 871, 880 (Wyo. 1984). Koga showed that (a) there was clear proof of injury, (b) there was no more reliable method of computing damages, and (c) the evidence was sufficient for the court to make a fair and reasonable approximation of the damages.
(7) The circuit court erred in awarding Koga prejudgment interest and attorney's fees and costs to the extent the State's retainage was included in the calculation.
(8) In its argument section, the State contends the circuit court reversibly erred by concluding that the State failed to prove its accord and satisfaction defense. However, the State does not raise this argument in its points of error and we decline to address it. See Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4) ("Points not presented in accordance with this section will be disregarded.").
(9) In its argument section, the State maintains the evidence was not sufficient for the circuit court to make a fair and reasonable approximation of the damages because Koga's expert report was fundamentally based on an "abysmal" and "incomplete" cost report. However, the State fails to explain why Koga's expert report was either abysmal or incomplete, and we decline to address this point. See HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").
Therefore,
IT IS HEREBY ORDERED that the Final Judgment as to All Claims and All Parties filed in the Circuit Court of the First Circuit on October 24, 2006 is affirmed, except for the portion of the damages award, interest, and attorney's fees that include Koga's retainage, which is reversed. Accordingly, this case is remanded to the circuit court to calculate the amount of damages, interest, and attorney's fees.
NOTES
[1] The Honorable Victoria S. Marks presided.
[2] The circuit court's November 10, 2005 order granting Koga's Motion to Strike provided in relevant part:

1. The State designated [Stitz] as an expert witness in the above-captioned matter.
2. Koga's First Request for Production of Documents and Things to the State, filed herein on January 11, 2002, specifically requested the State produce a copy of its expert's report. As Stitz was designated as an expert witness pursuant to the State's Responsive Pretrial Statement filed January 3, 2005, the State had a continuing obligation to supplement its discovery responses pursuant to Rule 26(e) of Hawaii Rules of Civil Procedure but failed to produce Stitz's expert report in accordance therewith.
3. Further, pursuant to the Trial Setting Status Conference Order, . . . the State was required to produce Stitz's expert report no later than June 1, 2005 but the State has failed to do so.
4. At no time did the Court extend the June 1, 2005 deadline for the filing of the State's expert's report. To the contrary, pursuant to the Court's Mediation Order . . ., the Court specifically stated that the parties were NOT relieved of their discovery obligations as a result of the issuance of the Mediation Order.
5. The Mediation Order is clear and unambiguous on its face and leaves no room for construction.
6. On April 18, 2005, the Court entered an Order Granting in Part [State's] Motion for Reconsideration of Mediation Order of February 17, 2005 ("April 18, 2005 Order"), wherein the April 18, 2005 Order expressly denied the State's request to stay the proceedings and pretrial discovery deadlines pending mediation.
7. Paragraph 2 of the April 18, 2005 Order clearly contemplates that an extension of the pretrial discovery deadlines and trial date would only be granted at the Court's discretion, and only after: (1) the parties scheduled a status conference; or (2) the parties filed a motion or stipulation to request that the pretrial deadlines and trial date be rescheduled.
8. The State has never requested a status conference to extend the discovery deadlines or trial date in this matter, before this [Motion to Strike] was filed.
9. The State has never requested a stipulation or filed a motion to extend the discovery deadlines or trial date in this matter, before this [Motion to Strike] was filed.
10. The State was aware of its obligations to produce Stitz's expert report in accordance with the June 1, 2005 discovery deadline and the various applicable court rules but failed to do so.
11. The State was solely culpable for failing to produce Stitz's expert report prior to June 1, 2005.
12. The State's failure to produce Stitz's expert report has unduly prejudiced Koga.
[13]. Under the circumstances, it would be inequitable to allow the State to benefit from its failure to produce Stitz's expert report in accordance with the applicable discovery deadlines and applicable court rules.