**NA MAMO O 'AHA 'INO, a Hawaii unincorporated association,
Plaintiff,**

v.

**Gary O. GALIHER, an individual, and Diane T. Ono, an individual,
Defendants.**

**CV No. 97–01073 DAE.**

United States District Court,
D. Hawaii.

Jan. 13, 1999.

David L. Henkin, Sierra Club Legal Defense Fund, Inc., Honolulu, HI, for plaintiff.

Lisa W. Munger, Goodsill Anderson Quinn & Stifel, Honolulu, HI, Wesley H.H. Ching, Robert R. Sadaoka, Fukunaga Matayoshi Hershey & Ching, Honolulu, HI, for defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

DAVID ALAN EZRA, Chief Judge.

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing. After reviewing Plaintiff's motion and the supporting and opposing memoranda, the court DENIES Plaintiff's Motion for Reconsideration.

## BACKGROUND

The facts and procedural background of this case have previously been set forth in this court's Order Denying Plaintiff's Motion for Partial Summary Judgment and Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, filed November 25, 1998. Plaintiff filed its Motion for Reconsideration on December 10, 1998.

## STANDARD OF REVIEW

The disposition of a motion for reconsideration is within the discretion of the district court and will not be reversed absent an abuse of discretion. *Plotkin v. Pacific Tel. & Tel. Co.,* 688 F.2d 1291, 1292 (9th Cir.1982). There is a "compelling interest in the finality of judgments which should not be lightly disregarded." *Rodgers v. Watt,* 722 F.2d 456, 459 (9th Cir.1983).

It is well settled in the Ninth Circuit that a successful motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate some reason why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Great Hawaiian Financial Corp. v. Aiu,* 116 F.R.D. 612, 616 (D.Haw.1987) (citations omitted), *rev'd on other grounds,* 863 F.2d 617 (9th Cir.1988). Courts have established only three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice. *Id.* The District of Hawaii has implemented these standards in Local Rule 60.1.

## DISCUSSION

### A. Reconsideration

Plaintiff seeks reconsideration of the court's November 25, 1998 order on the grounds that the court's exemption of Defendants' farm roads from the NPDES permit program constituted manifest error of law. Plaintiff argues that the court (1) improperly created an exemption by implication, (2) failed to defer to the Environmental Protection Agency's reasonable construction of the statute, and (3) failed to take into account Congress' clear intent that farm roads implement best management practices. For the reasons stated below, the court disagrees.

### 1. Improper Creation of Exemption by Implication

Although Plaintiff characterizes the court's *interpretation* of the NPDES exemption for non-point source agricultural and silvicultural activities as the unwarranted *creation* of an exemption, Plaintiff misconstrues the court's action. Rather than create an exemption, the court painstakingly interpreted the existing exemption.[1] In doing so, the court found that while 40 C.F.R. § 122.27(b)(1) defined exempt non-point source *silvicultural* activities to include "nursery operations, site preparation, reforestation and subsequent cultural treatment, thinning, prescribed burning, pest and fire control, harvesting operations, surface draining, or *road construction and maintenance from which there is natural runoff*," no similar definition or guidance was provided for non-point source *agricultural* activities.

Faced with 1) the parallelism of silvicultural and agricultural activities in section 122.3(e)'s exemption, 2) the inclusion of road construction and maintenance in section 122.27(b)(1)'s definition of non-point source silvicultural activities, and 3) the absence of a definition of non-point source agricultural activities, the court interpreted "non-point source agricultural activi-

ties" to include the construction and maintenance of farm access roads.

Consideration of section 404 of the Clean Water Act supports the court's interpretation. Section 404 excludes "construction or maintenance of *farm roads or forest roads*" from the dredge and fill permit requirement. The court's sole purpose in focusing on section 404 was to evidence Congress' intent that farm roads and forest roads be treated similarly. The legislative history of this section further confirms that Congress viewed the construction of both forest and farm roads as unique activities, warranting an exception to the rule. The Senate Report which discusses section 404 states that "permit issuances for such activities [the construction of farm and forest roads] would delay and interfere with timely construction of access for cultivation and harvesting of crops and trees with no countervailing environmental benefit." S.Rep. No. 95–370, at 168 (1977), *reprinted in* 1977 U.S.C.C.A.N. 4326.

Therefore, despite Plaintiff's assertion to the contrary, the court concludes that its interpretation of non-point source agricultural activities was justified by both principles of statutory interpretation and evidence of Congress' intent.

### 2. Failure to Defer to EPA

While Plaintiff contends that the court unduly broadened "the EPA's narrow exemption for minor storm water runoff associated with crop production and substitut[ed][ ] a much broader exemption encompassing highly polluting farm road construction and maintenance," the court disagrees. In fact, the court's interpretation gives due deference to the EPA. Rather than broaden section 122.3(e)'s exemption for non-point source agricultural activities, the court limited the exemption to those activities in the agricultural context which were specifically

---

1. 40 C.F.R. § 122.3(e) excludes from the NPDES permit requirement "any introduc-

tion of pollutants from non point-source agricultural and silvicultural activities...."

identified by the EPA in the silvicultural context.

The crux of Plaintiff's dissatisfaction is essentially that the EPA excluded road construction at all. Admittedly, it is difficult to square the EPA's various statements on this issue, including its estimation that construction sites have runoff rates as high as 100 times that of agricultural lands, its classification of construction as a point source activity, and its recent statement that the development of land for agriculture is not considered a construction activity. Nevertheless, despite the potential for environmental harm, the EPA explicitly exempted "road construction and maintenance from which there is natural runoff" from the NPDES permit requirement. Thus, Plaintiff's arguments regarding the harm from road construction are not supported by the EPA's own regulation. If the construction of forest roads inherently posed less environmental harm than the construction of farm roads, the court might be persuaded to treat them differently. However, in light of the similarity between forest and farm roads, the court defers to the EPA's determination that an NPDES permit is not required.

### 3. *Best Management Practices*

Plaintiff argues that the court ignored section 404(f)(1)(E)'s best management practices requirement and "erroneously concluded that [section 404] reflects a congressional intent broadly to exempt farm roads from all Clean Water Act regulation." However, as discussed above, the court referred to section 404 for the sole purpose of establishing Congress' intent to treat forest and farm roads as similar to each other and different from other roads which would ordinarily trigger the need for a permit.

Because the court concludes that it did not commit manifest error in its previous order, Plaintiff's Motion for Reconsideration is DENIED.

### B. *Interlocutory Appeal*

As an alternative to reversal of the court's prior holding, Plaintiff seeks certification for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Certification is appropriate where (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

In this case, the court concludes that an interlocutory appeal is not appropriate. Although the underlying order involves a controlling question of law as to Counts 1 and 2, an immediate appeal will not materially advance the ultimate termination of this litigation. Because Count 3 remains pending, an appeal at this stage, regardless of the outcome, would not resolve the case. Instead, an interlocutory appeal would risk duplication of effort by the parties, the court, and the Ninth Circuit. Therefore, the court DENIES Plaintiff's request for interlocutory appeal.

### C. *Request for Clarification*

As stated during the pre-trial conference, Plaintiff's request for clarification as to the status of 'Aha 'Ino as a "water of the United States" is DENIED. Because this issue is one of the elements that Plaintiff must prove at trial, the court intends to hear evidence and make a determination at that time.

### D. *Defendants' Request for Sanctions*

Pursuant to 28 U.S.C. § 1927, Defendants seek attorney's fees and costs incurred in responding to Plaintiff's Motion for Reconsideration. An award of sanctions under section 1927 "must be supported by a finding of subjective bad faith." *In re Keegan Management Co.*, 78 F.3d 431, 436 (9th Cir.1996) (citation omitted). Bad faith is present only "when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritori-

ous claim for the purpose of harassing an opponent." *Id.* (citation omitted). Because the court finds no evidence that Plaintiff acted in bad faith, Defendants' request is DENIED.

## CONCLUSION

For the reasons stated above, the court DENIES Plaintiff's Motion for Reconsideration.

IT IS SO ORDERED.